UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05-11775 RWZ

BARBARA DEIGHTON HAUPT, Trustee )
of BD REALTY TRUST,                           )
           Plaintiff                                       )
                                                                )
v.                                                            )
                                                                )
THE TOWN OF WAREHAM acting by )
and through the BOARD OF                )
SELECTMEN OF THE TOWN OF      )
WAREHAM, and the BOARD OF     )
SELECTMEN OF THE TOWN OF      )
WAREHAM,                                          )
           Defendants                                 )

## COMPLAINT AND JURY CLAIM

Plaintiff Barbara Deighton Haupt, Trustee of BD Realty Trust, brings this Complaint for the Town of Wareham's bad faith taking of Plaintiff's property by eminent domain, and pursuant to M.G.L. c. 79, § 14, for an assessment of damages arising from the Defendants' taking of the Plaintiff's property by eminent domain. Pursuant to M.G.L. c. 79, § 34, Plaintiff requests that this Court grant a speedy trial on the assessment of damages.

### PARTIES

1. Plaintiff, Barbara Deighton Haupt ("the Trustee"), Trustee of BD Realty Trust ("the Trust") under Declaration of Trust dated September 9, 1997 and recorded with the Plymouth County Registry of Deeds in Book 15487, Page 245, is an individual residing at 3716 Sandspur Lane, Nokomis, Sarasota County, Florida 34275, and at all times relevant hereto has been a resident of the State of Florida.

1

2. Defendant, Town of Wareham ("the Town"), is a governmental body with a business address of Memorial Town Hall, 54 Marion Road, Wareham, Plymouth County, Massachusetts 02571.

3. Defendant, Board of Selectmen of the Town of Wareham ("the Board"), is established pursuant to M.G.L. c. 41, with a business address of Memorial Town Hall, 54 Marion Road, Wareham, Plymouth County, Massachusetts 02571. The members of the Board are R. Renee Fernandes-Abbott, Mary Jane Pillsbury, Bruce D. Sauvageau ("Sauvageau"), Cynthia K. Parola, and Brenda Eckstrom.

## JURISDICTION AND VENUE

4. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

5. Venue is proper before this Court because the Defendants are governmental agencies residing in the eastern district of the Commonwealth of Massachusetts.

## FACTS

6. The subject premises are parcels of registered and unregistered land, together with the trees and structures thereon ("the Premises"), located off of Swifts Beach Road and Wankinco Avenue in Wareham, Plymouth County, Massachusetts, having an address of 200 Swifts Beach Road. The Premises have frontage on both Swifts Beach Road and Wankinco Avenue, and consist of approximately 5.35 acres of waterfront property with beach, along the Wareham River and Buzzards Bay. The Premises are shown on the Town of Wareham Assessors Plat 50B, as Lots B-1, E and an unnumbered lot.

7. For as much as fifty (50) years prior to August 2000, the Premises was the site of a private, 100 car parking lot which had originally been built to service a private beach facility that included a snack bar and bath house with restrooms on a forty foot by

2

approximately sixty foot concrete pad, and a volleyball court. The Premises were for sale on the open market for approximately ten years prior to August 2000. The use of the Premises as a parking facility and for access to and use of the beach on the Premises and adjacent beaches continued without interruption through 2003.

8. The Trust purchased the Premises on August 31, 2000 for a purchase price of $225,000.00.

9. In May 2000, a Notice of Resource Delineation for the Premises was filed to establish the boundaries of resource areas protected under the Wetlands Protection Act. On October 18, 2000, the Wareham Conservation Commission issued an Order of Resource Area Delineation ("Delineation Order") for the Premises. On October 17, 2001, the Delineation Order was recorded at the Plymouth County Registry of Deeds in Book 20721, Pages 112-15.

10. On May 23, 2001, the Trust entered into a lease agreement with Selectman Sauvageau to operate the parking area and beach at the Premises for the 2001 summer season, i.e. from May 25, 2001 through September 9, 2001.

11. In May 2001, the Trustee filed a Notice of Intent ("First NOI") with the Wareham Conservation Commission to construct a residential two-family dwelling elevated fourteen (14) feet with a footprint of 3,840 square feet in the upland area of the northwesterly corner of the Premises. In September 2001, the Wareham Conservation Commission denied the proposed project.

12. Following an appeal of the First NOI and at the recommendation of the DEP, the Trustee filed a second Notice of Intent ("Second NOI") pursuant to the Riverfront Act in January 2002 to construct a similar two-family dwelling, and in March 2002 the Conservation

Commission again denied the proposed project, despite the Trust's numerous revisions to the plans.

13. On August 12, 2003, the Department of Environmental Protection ("DEP") issued a Superceding Order of Conditions ("SOC") to the Trustee, overruling the Conservation Commission's denial of the Second NOI and authorizing work to proceed on the proposed two-family dwelling on the Premises.

14. At all times relevant to the Trust's permitting efforts under the Wetlands Protection Act, there was significant opposition to the proposed project from a well-organized and well-financed group known as the "Swifts Beach Neighbors" which included abutters to the Premises, many of whom were related to either Selectman Sauvageau, or, on information and belief, to at least one other Selectman of the Town.

15. The Town actively sought to discourage the Trust's lawful use of its property through 1) on or about August 2001 and July 2002, filing legal actions improperly claiming that the Trust was using a travel trailer on the property for residential use, which it was not; 2) on or about August 6, 2003, seeking to improperly terminate the Trust's parking lot use at the property; and 3) on or about Summer 2003, removing portions of fencing on the Trust's property and installing municipal signs directing the public to traverse over the Trust's property.

16. On August 21, 2003, the Swifts Beach Neighbors appealed the SOC to the DEP Office of Administrative Appeals for an adjudicatory hearing. On August 25, 2003, the Wareham Conservation Commission, as authorized by the Board of Selectmen, also sought an adjudicatory hearing appealing the SOC.

17. On October 9, 2003, the DEP Office of Administrative Appeals issued a notice for a prehearing conference to be held December 5, 2003.

18. However, that same day, October 9, 2003, a Warrant for a Special Town Meeting scheduled for October 27, 2003 was published in the Wareham Courier. Article 1 of the Warrant stated that at the Special Town Meeting, the voters of the Town of Wareham would act "[t]o see if the Town will vote to authorize and direct the Board of Selectmen to acquire [the Premises] by gift, purchase, eminent domain or otherwise, for municipal purposes". The Warrant did not identify any specific purpose or reason for the proposed acquisition of the Premises.

19. There had been no prior contact or discussions between the Town and the Trustee regarding this proposed taking, all of which came as a complete surprise to the Trustee when she first learned of the proposed taking upon receipt of a letter of October 20, 2003 from an appraiser hired by the Town.

20. By letter dated October 20, 2003, John P. Mello ("Mello"), a Massachusetts Certified General Appraiser, informed the Trustee that "the Town of Wareham retained [Mello] on October 16, 2003 to conduct the appraisal of the [Premises] relative to its acquisition by the Town" and that the "appraisal inspection will be conducted on October 22, 2003." The letter also indicated that "[a]n inspection with [the Trustee] present may be arranged for a mutually convenient day and time during the weeks of October 20, 2003 or October 27, 2003." The Trustee called Mello on October 23, 2003, regarding the scheduled inspection, but Mello never returned her call.

21. Prior to the Special Town Meeting, the Swifts Beach Neighbors distributed flyers in support of a favorable vote on Article 1. The flyer stated, in part, that a "yes" vote would

5

mean "that this 5 acre piece of beachfront property will be preserved as open space for future generations to enjoy." The Swifts Beach Neighbors is not a municipal entity, but clearly had knowledge of the Town's intentions well before the Trustee.

22. The Special Town Meeting was held on October 27, 2003. Prior to the vote, Article 1 was amended to "appropriate the sum of $550,000.00 for [the] acquisition [of the Premises]". Article 1, as amended, was passed by two-thirds majority vote at the Special Town Meeting.

23. By letter dated November 20, 2003, the Town offered BD Realty Trust $450,000.00 to purchase the Premises. The Trustee rejected the Town's offer as grossly inadequate to the highest and best use of the Premises.

24. On December 16, 2003, the Board voted 4-0-1 (Sauvageau abstaining) to take the Premises by eminent domain. The Board's vote was taken in less than three minutes without any discussion or deliberation by or among the Board members regarding the purpose for the taking and without any comments offered by any Town residents.

25. On December 31, 2003, the Board recorded the Order of Taking at the Plymouth County Registry of Deeds in Book 27322, Page 115. No specific public purpose was articulated in the Order of Taking.

26. On January 13, and January 20, 2004, the Swifts Beach Neighbors and the Wareham Conservation Commission, respectively, requested that the DEP Office of Administrative Appeals vacate the SOC on the grounds that the Town's taking rendered the Trust unable to utilize the SOC. On January 20, 2004, the Office of Administrative Appeals issued an Order of Stay pending resolution of the present eminent domain action.

27. On or about January 21, 2004, pursuant to M.G.L. c. 79, §§ 7B and 8A, the Board made an Offer of Pro Tanto Payment to the Trust, in the amount of $450,000.00, as payment of damages for the taking of the Premises by eminent domain. The Board also enclosed for the Trustee's execution a Waiver of Appraisal pursuant to M.G.L. c. 79, § 7A, and an Eminent Domain Release accepting the pro tanto payment in complete settlement of all damage claims.

28. Pursuant to her statutory rights, the Trustee accepted the Town's pro tanto payment of damages. The Trust did not accept the pro tanto payment in complete settlement of all damages claims nor did it waive the appraisal pursuant to M.G. L. c. 79, § 7A.

29. On or about February 25, 2004, the Board issued a check in the amount of $242,155.02, payable to the Trust. The balance of the damages payment was paid to the mortgagee of the Premises.

## COUNT I
### Taking by Eminent Domain Was Made in Bad Faith

30. The Trust repeats and re-alleges paragraphs 1 through 29 as if set forth herein.

31. The Premises were for sale on the open market for approximately ten years before the Trust purchased the property. At no point during these ten years did the Town attempt to acquire, take or purchase the Premises.

32. It was only after the Department of Environmental Protection issued the SOC allowing the Trust to construct the two-family dwelling that the Town suddenly expressed an interest in acquiring the Premises.

33. The Order of Taking merely indicates that the Premises were taken for "general municipal purposes". Neither the Warrant, the Special Town Meeting proceedings nor

7

the December 16, 2003 Board meeting articulate or identify what these "general municipal purposes" are.

34. On August 26, 2004, the Wareham Courier quoted Wareham Town Administrator Michael Hartman as stating that "one of the reasons why [the taking of the Premises] was approved" was because there is a "need for more public beach area in Wareham" and that "the idea is to have access to waterfront property."

35. Notwithstanding the comments of the Town Administrator, since the Board's taking of the Premises by eminent domain in December 2003, the gates on the Premises have been chained closed and locked prohibiting vehicular access to the parking lot by the public.

36. The Premises have not been put to any public purpose or benefit, whether for beach parking, beach access or use. On information and belief no public purpose is intended by the Town.

37. Sauvageau and his wife Rose (Tenaglia) Sauvageau own a residence at 188 Swifts Beach Road. In addition, several of Sauvageau's family members (some of whom are members of the Swifts Beach Neighbors) also reside near the Premises, including: Sauvageau's mother-in-law and father-in-law, Ciro Tenaglia (9 Wankinco Avenue); Ralph and Mary Tenaglia (196 Swifts Beach Road); Umberto and Laura Tenaglia (191 Swifts Beach Road); and Aldo Tenaglia (192 Swifts Beach Road). The two-family dwelling which the Trust proposed to build would have obstructed all or a portion of the water views from all of the foregoing residences, as well as other members of the Swifts Beach Neighbors.

38. The taking occurred immediately after the Swifts Beach Neighbors' and Wareham Conservation Commission's appeal of the SOC. The appeal by the Swifts Beach

Neighbors was part of their continued attempts to thwart the Trust's proposed two-family dwelling.

39. The Board's taking of the Premises by eminent domain for "general municipal purposes" or public beach access is invalid because it was made in bad faith and was merely a pretextual taking to prevent the Trust from constructing the two-family residence on the Premises for the benefit of local abutters, including one or more Selectman and their family members.

40. The taking was part of a series of actions taken by the Town to discourage and interfere with the Trust's use and enjoyment of the property.

41. The Board abused its power by making a taking of the Trust's property in order to prevent the Trust from constructing the permitted two-family dwelling and otherwise using the Trust's property solely to benefit private interests.

## COUNT II
### Assessment of Damages Pursuant to M.G.L. c. 79, § 14

42. The Trust repeats and re-alleges paragraphs 1 through 41 as if set forth herein.

43. The taking of the Trust's property by eminent domain has deprived the Trust of its land and property which were of great value.

44. In accordance with the Constitution of the United States and the Constitution of the Commonwealth of Massachusetts, the Town was bound to award full and just compensation to the Trust for the injury suffered as a result of the Board's action.

45. The Trust has been offered a sum of money as compensation for the taking of its land and property which is grossly unfair and totally inadequate and which does not account for

9

the highest and best use of the Premises, which, at a minimum, exceeds $2,600,000.00, and up to $4,700,000.00.

46. The Trust has incurred damages for the taking of its land and property for a constitutionally inadequate and unfair sum.

47. The Trust is aggrieved by the failure of the Board to award full and just compensation for the taking of its land and property, and demands damages according to law.

### PRAYERS FOR RELIEF

WHEREFORE, the Trust prays

1. That the Court invalidate as void as unlawful the Board's taking of the Premises;

2. That the Court determine the amount of damages to which the Trust is entitled as a result of the Board's action including but not limited to damages under M.G.L. c. 79, § 14; and

3. For such other and further relief as the Court may deem appropriate and just, including, but not limited to, interest on any award of damages pursuant to M.G.L. c. 79, § 37, and costs pursuant to M.G.L. c. 79, § 38.

### DEMAND FOR JURY TRIAL

Pursuant to M.G.L. c. 79, § 22, Plaintiff demands a trial by jury on all issues, and requests that the jury have an opportunity to view the premises at issue.

Date:



BARBARA DEIGHTON HAUPT,
Trustee of BD REALTY TRUST
By its attorneys,

Jeffrey T. Angley, Esq.
B.B.O. #543958
Phillips & Angley
One Bowdoin Square
Boston, MA 02114
(617) 367-8787

L:\LITG\Ditn002\complaint.final.federal.ct.doc

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Barbara Deighton Haupt, Trustee of BD Realty Trust v. Town of Wareham acting by and through the Board of Selectmen of the Town of Wareham et al.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐  I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐  II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases

   ☑  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ☐  IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ☐  V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐    NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES ☐    NO ☑

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐    NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☐    NO ☐

   A.  If yes, in which division do all of the non-governmental parties reside?

       Eastern Division ☐    Central Division ☐    Western Division ☐

   B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

       Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Jeffrey T. Angley, Esq.__
ADDRESS __Phillips & Angley, One Bowdoin Square, Boston, MA 02114__
TELEPHONE NO. __(617) 367-8787__

(CategoryForm.wpd - 5/2/05)

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Barbara Deighton Haupt, Trustee of BD Realty Trust

## DEFENDANTS
The Town of Wareham acting by and through the Board of Selectmen of the Town of Wareham, and the Board of Selectmen of

(b) County of Residence of First Listed Plaintiff   Sarasota, Florida
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Plymouth, Massachusetts
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Jeffrey T. Angley, Esq., Phillips & Angley, One Bowdoin Square, Boston, MA 02114 (617) 367-8787

Attorneys (If Known)

FILED
Clerk's Office
USDC, Mass
Date 8/23/05
By Deputy Clerk

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract |  |  | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) |  |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☒ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act |  | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land |  | ☐ 530 General |  | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  | ☐ 871 IRS—Third Party 26 USC 7609 |  |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights / ☐ 555 Prison Condition |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 28 U.S.C. 1332
Brief description of cause: Taking by eminent domain - assessment of damages (M.G.L. c. 79, s. 14) and bad faith taking

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 4,250,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 08/23/2005
SIGNATURE OF ATTORNEY OF RECORD  /s/ Jeffrey Angley

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____