UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 05-11745-RWZ

BARBARA DEIGHTON HAUPT, TRUSTEE OF
BD REALTY TRUST,

                Plaintiff

v.

TOWN OF WAREHAM, acting by and through
the Board of Selectmen of the Town of Wareham
and the BOARD OF SELECTMEN OF THE
TOWN OF WAREHAM

                Defendants

ANSWER

Now come the defendants in the above captioned matter and hereby answer the plaintiff's

Complaint as follows.

COMPLAINT AND JURY CLAIM

To the extent that plaintiff's introduction to the Complaint requires an answer, the

defendants deny any and all allegations contained in said introduction.

PARTIES

1.      The defendants are without knowledge or information sufficient to form a belief

as to the truth of the matters asserted in this paragraph and call upon the plaintiff to prove same.

2.      Admitted.

3.      Admitted as to the business address of the Board and the name of the Board

members and denied as to all other allegations contained in this paragraph.

JURISDICTION AND VENUE

4.      The allegations set forth in this paragraph comprise contentions as to matters of

law not requiring a response.

5.    The allegations set forth in this paragraph comprise contentions as to matters of law not requiring a response.

FACTS

6.    The documents referenced in this paragraph speak for themselves.

7.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and call upon the plaintiff to prove same.

8.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and call upon the plaintiff to prove same.

9.    The document referenced in this paragraph speaks for itself.

10.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and call upon the plaintiff to prove same.

11.    The document referenced in this paragraph speaks for itself  and as to the second sentence of this paragraph, the defendants admit that the proposed project was denied.

12.    The document referenced in this paragraph speaks for itself.

13.    The document referenced in this paragraph speaks for itself.

14.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and call upon the plaintiff to prove same.

15.    Denied.

16.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the matters asserted in the first sentence of this paragraph and call upon the plaintiff to prove same.  The defendants admit that the Conservation Commission sought an adjudicatory hearing appealing the Department of Environmental Protection's Superseding Order of Conditions.

17.    The defendants state the Department of Environmental Protection's Office of Administrative Appeals notification speaks for itself.

18.    Defendants deny any implication that the Special Town Meeting was held as a result of a hearing scheduled by the Department of Environmental Protection but admit that a Special Town Meeting was held and the documents referenced in this paragraph speak for themselves.  The defendants deny any further allegations contained in this paragraph.

19.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and call upon the plaintiff to prove same.

20.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and call upon the plaintiff to prove same. Further, the defendants state that the document referenced in this paragraph speaks for itself.

21.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the matters asserted in the first and second sentence of this paragraph and call upon the plaintiff to prove same.  Further, with respect to the third sentence of this paragraph, defendants admit that the Swifts Beach Neighbors are not a municipal entity and are without knowledge or information sufficient to form a belief as to the truth of the matters asserted in this sentence and call upon the plaintiff to prove same.

22.    Admitted.

23.    Admitted as to the first sentence and admit that the trustee rejected the offer but otherwise deny any and all other allegations contained in this paragraph.

24.    The defendants admit that the Board of Selectmen voted to exercise its power of eminent domain with respect to the subject property and deny any and all other allegations contained in this paragraph.

25.    The defendants state that the document referenced in this paragraph speaks for itself and deny any and all other allegations contained in this paragraph.

26.    Admitted.

27.    Admitted that the Town's pro tanto was $450,000.00

28.    The defendants state that this paragraph calls for a conclusion of law to which no response is required.

29.    Admitted.

<div align="center">

COUNT I
Taking by Eminent Domain Was Made in Bad Faith

</div>

30.    The defendants hereby incorporate their responses to paragraphs 1 through 29 of the Complaint as if fully restated herein.

31.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the matters asserted in the first sentence of this paragraph and call upon the plaintiff to prove same.

32.    Denied

33.    The defendants state that the document referenced in this paragraph speaks for itself.

34.    The defendants state that the document referenced in this paragraph speaks for itself.

35.    The defendants state that this paragraph states a conclusion of law to which no response is required and otherwise deny any and all other allegations contained in this paragraph.

36.    Denied.

37.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and call upon the plaintiff to prove same.

38.     Denied as to the first sentence of this paragraph and the defendants are without knowledge or information sufficient to form a belief as to the truth of the matters asserted in second sentence of this paragraph and call upon the plaintiff to prove same.

39.     Denied.

40.     Denied.

41.     Denied.

## COUNT II
### Assessment of Damages Pursuant to M.G.L. c. 79, § 14

42.     The defendants hereby incorporate their responses to paragraphs 1 through 41 of the Complaint as if fully restated herein.

43.     Denied.

44.     The defendants state that this paragraph states a conclusion of law to which no response is required and in any event the Town offered full compensation.

45.     Denied.

46.     Denied.

47.     Denied.

## DEFENSES

## DEFENSE NO. 1

The Complaint should be dismissed because the Complaint fails to state a claim for which relief can be granted.

## DEFENSE NO. 2

The Complaint should be dismissed because the plaintiffs have failed to exhaust their administrative remedies.

## DEFENSE NO. 3

The Complaint should be dismissed because the plaintiffs' claims are not ripe for adjudication.

## DEFENSE NO. 4

The Complaint is barred by the applicable statute of limitations, laches and/or equitable estoppel.

## DEFENSE NO. 5

The Complaint should be dismissed for improper service of process

## DEFENSE NO. 6

The Complaint should be dismissed because the plaintiff has failed to notify and join a necessary party.

## DEFENSE NO. 7

The Complaint should be dismissed because the plaintiff lacks standing to prosecute the claims set forth in the Complaint.

## DEFENSE NO. 8

The plaintiff has failed to state a cognizable procedural due process claim because state law provides for an adequate post-deprivation remedy.

## DEFENSE NO. 9

The plaintiff has failed to state a cognizable substantive due process claim for failure to allege conscience shocking conduct by the defendants.

**DEFENSE NO. 10**

The plaintiff has failed to state a cognizable equal protection claim for failure to ascribe to the defendants any improper motive or personal or class-based animus against the plaintiff.

**DEFENSE NO. 11**

The plaintiff has failed to state a cognizable equal protection claim for failure to identify with specificity any similarly situated applicants who were treated differently by the defendants.

**DEFENSE NO. 12**

The plaintiff has failed to state a cognizable equal protection claim because the defendants had a rational basis for their decision.

.**DEFENSE NO. 13**

At all times relevant, the defendants were municipalities, municipal agencies or municipal officials and were acting in good faith, within the scope of their public duties and employment and in the exercise of their discretionary functions or duties.

<div style="margin-left: 50%;">

DEFENDANTS,

By their attorneys,

/s/ Richard Bowen
Richard Bowen (BBO# 552814)
Jeffrey T. Blake (BBO# 655773)
Kopelman and Paige, P.C.
 Town Counsel
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

</div>

Date:  September 19, 2005

260841/WARE/0001