UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.   05-11745-RWZ

BARBARA DEIGHTON HAUPT,
Trustee of BD Realty Trust

v.

THE TOWN OF WAREHAM, et al.

PRETRIAL ORDER
December 20, 2006

ZOBEL, D.J.

This matter having come before the court at a pretrial conference held pursuant to Rule 16, Fed.R.Civ.P., 28 U.S.C., and Jeffrey T. Angley, Esq., and Kristen M. Ploetz, Esq., having appeared as counsel for plaintiff, and Richard P. Bowen, Esq., and Jeffrey T. Blake, Esq., having appeared as counsel for defendants, the following action was taken:

1. **TRIAL**

Trial is scheduled to commence on April 9, 2007, at 9:00 a.m. and is estimated to last five days.

2. **JURY**

The court will impanel eight jurors. Counsel shall file any proposed questions to the jury on voir dire by April 2, 2006. Each side will have four peremptory challenges.

3. **ISSUES**

The parties agree that the only issues to be tried are:

    a)     What is the highest and best use of land; and

    b)     What is the fair value?

4. **EXHIBITS**

Agreed exhibits:

1. "Plan Accompanying Abbreviated Notice of Resource Area Delination on Land in Wareham, MA, prepared for Glick Realty Corporation," drawn by Thompson Surveying & Engineering, Inc., dated May 4, 2000, and revised through June 19, 2000;

2. "Plan of Land in Wareham, Mass. Prepared for BD Realty Trust," drawn by Vautrinot Land Surveying, Inc., dated May 7, 2001, and revised through March 28, 2003 ("3/28/2003 Vautrinot Plan"), to proceed on the Premises;

3. Flood Insurance Rate Map for Town of Wareham, Panel 7 of 17 for Community Panel Number 255223-0007-D, as revised through July 15, 1992;

4. Notice of Sewer Availability dated November 8, 2000;

5. Superceding Order of Conditions issued by DEP;

6. Notice of Taking;

7. Order of Taking;

8. Land Court Plan 12124D;

9. Town of Wareham Zoning Bylaws as revised through April 28, 2003; and

10. Town of Wareham Zoning Map as revised through February 1, 1999.

Prior to the commencement of trial, counsel shall confer with each other concerning any additional exhibits each intends to offer and note any objections each

may have to the exhibits of the other. All exhibits to which opposing counsel do not object shall be deemed to be admitted into evidence. Counsel shall mark these exhibits and prepare a listing thereof, in duplicate. Objected to exhibits shall be marked for identification and listed separately.

5. **WITNESSES**

On or before March 26, 2007, each party shall file a list of witnesses who will testify at trial.

6. **STIPULATION**

The joint statement of stipulated facts by counsel, which is Attachment A hereto, shall be marked as an exhibit.

7. **REQUESTS**

On the first day of trial, counsel shall file:

(a) Requests for instructions; and

(b) Proposed questions to the jury on special verdict.

8. **MOTIONS**

Any motions must be filed by March 6, 2007. The hearing is set for March 8, 2007, at 2:00 p.m.

_December 20, 2006_
DATE

_/s/ Rya W. Zobel_
RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE

## Attachment A

1. This is an action pursuant to M.G.L. c. 79 for damages arising out of the eminent domain taking by the Town of Wareham of property located at 200 Swifts Beach Road in Wareham, Massachusetts (the "Premises") which was owned on the date of taking by Barbara Deighton (n/k/a Barbara Deighton Haupt), Trustee of BD Realty Trust ("Plaintiff") under Declaration of Trust dated September 9, 1997 and recorded with the Plymouth County Registry of Deeds in Book 15487, Page 245.

2. The Town of Wareham took the Premises by Order of Taking duly recorded at the Plymouth County Registry of Deeds on December 31, 2003. This is the date on which damages vest.

3. The taking was for a valid public purpose.

4. The Premises are comprised of a parcel of land consisting of 5.35 acres of waterfront property with beach frontage on Buzzards Bay.

5. The Premises are shown on the Town of Wareham Assessors Plat 50B as Lots B-1, E and an unnumbered lot.

6. The Premises has frontage on both Swifts Beach Road and Wankinco Avenue.

7. The Premises has approximately 660 feet of beach frontage along Buzzards Bay.

8. As of the date of taking, the Premises were designated by the Town of Wareham Zoning Bylaw as being located in the "Residential R-30 District".

9. The Premises are located within a VE Zone as established by the Flood Insurance Rate Map for the Town of Wareham.

10. On October 18, 2000, the Wareham Conservation Commission approved the Abbreviated Notice of Resource Area Delineation ("ANRAD") plan of the Premises entitled "Plan Accompanying Abbreviated Notice of Resource Area Delineation on Land in Wareham, MA prepared for Glick Realty Corporation",

      drawn by Thompson Surveying & Engineering, Inc., dated May 4, 2000 and revised through June 19, 2000.

11. Pursuant to 310 CMR 10.05(6)(a)(3), Orders of Resource Area Delineations ("ORAD") are valid for three (3) years once approved by a conservation commission.

12. The ORAD for the Premises issued by the Wareham Conservation Commission to Plaintiff on October 18, 2000, expired on October 18, 2003.

13. The ANRAD plan accurately depicts the extent and location of barrier beach (which is comprised of coastal dunes and coastal beach) that existed on the Premises on the date of taking.

14. On August 12, 2003, the Massachusetts Department of Environmental Protection ("DEP") issued a Superceding Order of Conditions to the Plaintiff which authorized work to proceed on the Premises, as shown on a plan entitled "Plan of Land in Wareham, Mass. Prepared for BD Realty Trust", drawn by Vautrinot Land Surveying, Inc., dated May 7, 2001 and revised through March 28, 2003 ("3/28/2003 Vautrinot Plan").

15. The location of the proposed dwelling shown on the 3/28/2003 Vautrinot Plan would not be located within coastal dune, barrier beach or land under the ocean on the date of taking.

16. The Massachusetts Wetlands Protection Act does not include any performance standards for land subject to coastal storm flowage.

17. The elevation of the Highest (Predictable) High or Highest Spring Tide line is higher in elevation than the elevation of Mean High Water.

18. A structure could have been built on the Premises on the date of taking, which would have been in compliance with the Town of Wareham Zoning Bylaw, the Massachusetts Wetlands Protection Act (and the regulations promulgated thereunder), the Town of Wareham Wetlands Protection Bylaw and the Federal Clean Water Act-Section 404 Wetland Regulations.

19. A sewer connection is available for the Premises.

20. The Town of Wareham Zoning Bylaws, as revised through April 28, 2003, were in effect on the date of taking.

21. The Wareham Zoning Bylaws do not contain parking regulations for the number of parking spaces needed for a beach club use or non-profit recreational purpose.

22. As of the date of taking, the Premises were not within a Riverfront Area as defined by the Massachusetts Wetlands Protection Act and the regulations promulgated thereunder.

23. As of the date of taking, the Premises were not within an Area of Critical Environmental Concern.

24. As of the date of taking, there were no Outstanding Resource Waters existing on the Premises.

25. As of the date of taking, the Town of Wareham had not achieved either the ten (10%) percent threshold of its total housing units as being subsidized low and moderate income housing units, or the 1.1% threshold of sites comprising the total land area zoned for residential, commercial or industrial use as prescribed by 760 CMR 31.06(5).

26. The parties' appraisers may testify to the sales price of the comparable sales they each used to determine the value of the Premises without the need to call the parties to those comparable sales to testify to the sales prices or the other circumstances of those sales. Anthony's Pier Four, Inc. v. HBC Assoc., 411 Mass. 451 (1991).