UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05-11745RWZ

| | |
|---|---|
| BARBARA DEIGHTON HAUPT, Trustee<br>of BD REALTY TRUST,<br>        Plaintiff<br><br>v.<br><br>THE TOWN OF WAREHAM acting by<br>and through the BOARD OF<br>SELECTMEN OF THE TOWN OF<br>WAREHAM, and the BOARD OF<br>SELECTMEN OF THE TOWN OF<br>WAREHAM,<br>        Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S MOTION IN LIMINE TO BAR EVIDENCE OF THE APPRAISAL
UNDERTAKEN BY JOHN P. MELLO IN 2003 ON BEHALF OF THE TOWN OF
WAREHAM**

Now comes the Plaintiff, Barbara Deighton Haupt, Trustee of BD Realty Trust ("the

Trust"), and moves this Honorable Court to bar evidence related to the appraisal undertaken by

John P. Mello in 2003 on behalf of the Defendant, Town of Wareham ("the Town") prior to the

Town's taking of the premises by eminent domain.  For reasons, the Trust states as follows.

**RELEVANT FACTUAL BACKGROUND**

The Trust purchased the premises located at 200 Swifts Beach Road, Wareham,

Massachusetts ("the Premises") on August 31, 2000.  In October 2003, prior to the Town's

taking of the Premises by eminent domain, the Town retained the appraisal services of John P.

Mello ("Mello") to determine the fair market value of the Premises.[1]  Mello appraised the

Premises on October 23, 2003.  See Ans. Int. No. 5 (attached hereto as **Exhibit 1**).  Subsequent

---

[1] Mello is not the real estate appraiser retained by the Town for purposes of providing testimony at this trial; the
Town's expert in that regard is Richard J. Dennis, Sr.

to Mello's appraisal of the Premises, the Town offered to purchase the Premises from the Trust for $450,000.00. The Trust was not willing to accept the Town's offer of $450,000.00. As a result, the Town took the Premises by eminent domain and recorded an Order of Taking on December 31, 2003 ("the Date of Taking"). The Date of Taking is the date upon which the highest and best use of the Premises is to be valued for purposes of this litigation. Subsequent to the taking, the Town made an offer of *pro tanto* damages in the amount of $450,000.00. Based on the amount that the Town was willing to purchase the Premises and the amount of the *pro tanto* payment, it is assumed that Mello rendered an opinion as to the fair market value of the Premises which is in accordance with or substantially similar to the $450,000.00 ultimately paid to the Trust.

## ARGUMENT

I.    Evidence of the Mello Appraisal is Irrelevant and Therefore Inadmissible.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Civ. P. 401. "Evidence which is not relevant is not admissible." Fed. R. Civ. P. 402.

The relevant factual inquiry for the jury will be to determine the fair market value of the highest and best use of the Premises on the Date of Taking. At trial, the Town may seek to introduce evidence of the Mello appraisal of the Premises in support of its argument regarding the fair market value of the Premises on the Date of Taking, and/or to rebut the Trust's appraisal of the fair market value of the Premises. The Mello appraisal simply has no bearing on the value of the property on the Date of Taking in 2003, and does not have any tendency to make the valuation on the Date of Taking—as determined by either parties' experts—either more probable

or less probable.  First, as indicated in the Town's Answers to Interrogatories, the Mello appraisal "assumed that the property was a [sic] developable and therefore the highest and best use is one residential structure and related site improvements."  Ans. Int. No. 6.  This description is vague at best because it does not describe whether the structure would be for a one or two family use; in contrast, both the Town's and the Trust's appraisers specifically stated what type of residential use was accounted for in their respective appraisals.   Moreover, the Mello appraisal uses completely different comparable sales data than the Trust's and the Town's appraisals, both of which rendered higher valuations of the Premises than the Mello appraisal.  In fact, the differences in sales data between the Mello appraisal and the Town's appraisal for trial are not only as to the location of the comparables, but the Mello appraisal compares solely buildable lots to the Premises whereas the Town's trial appraisal uses a combination of buildable and non-buildable lots to compare with the Premises.   See Ans. Int. No. 7 (attached hereto as **Exhibit 1**).  In sum, there is no facet of the Mello appraisal that has any tendency to make the existence of the fair market value of the highest and best use of the Premises—the ultimate issue for the jury—more or less probable because the parties will be introducing complete appraisals in support of their respective positions on this issue.

      II.    <u>Even if the Mello Appraisal is Deemed Relevant It Should Not  Be Admitted Because Its Probative Value Is Substantially Outweighed By the Danger of Unfair Prejudice, Confusion of The Issues and Misleading the Jury</u>.

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ."  Fed. R. Civ. P. 403.  There is no probative value to the Mello appraisal inasmuch as it is in direct conflict with the opinion of the appraiser that the Town specifically retained for trial.  This

is evidenced by the fact that the Town has appraised the fair market value of the highest and best use of the Premises at a value substantially <u>higher</u> than the Mello appraisal.

However, even assuming *arguendo* that the Mello appraisal is deemed relevant to the jury's ultimate determination of the fair market value of the highest and best use of the Premises on the Date of Taking, it should be excluded from evidence because it is unfairly prejudicial to the Trust, and will mislead and confuse the jury in their determination of the highest and best use. Notwithstanding any hearsay issues triggered by the use of Mello's appraisal, it will be unfairly prejudicial to the Trust if the Town is allowed to introduce two separate appraisals as to the highest and best use of the Premises. Reference to two different appraisal values could give undue weight to the Town's valuation of the highest and best use of the premises, and unfairly undermine the sole appraisal relied upon by the Trust. Although the Town did not set forth in any discovery responses or automatic disclosures that it would be specifically relying on the Mello appraisal to support any of its case, even a seemingly innocent reference to the Mello appraisal—such as during the Town's opening statement of the case or upon questioning witnesses of their knowledge of past appraisal values of the Premises—will be prejudicial to the Trust.

Further, reference to two appraisal values will mislead the jury and further confuse the issue of fact they are being asked to determine. If the jury is required to ferret out the credibility or significance of two competing appraisals referenced by one party, it will likely lead to confusion as to the weight that should be afforded to either. By limiting each party to the testimony of the appraisers they retained specifically for trial, the jury will be spared from confusion as to the relevance of the Mello appraisal, particularly where Mello is not going to testify at trial.

III.   The Town Should Be Barred From Offering Into Evidence Any Reference to the
       Mello Appraisal Because They Failed to Produce It In Their Automatic
       Disclosures and Discovery Responses.


Notwithstanding that evidence of the Mello appraisal is irrelevant and unfairly prejudicial

to the Trust, the Town should be barred from offering into evidence any reference to the Mello

appraisal on the grounds that the Town did not list the Mello appraisal in its Automatic

Disclosures, nor did it submit the appraisal as part of its responses to the Trust's discovery

requests.  Not only is this unfair and prejudicial to the Trust, but such failure to disclose violates

the rules of discovery.  To that end, the Trust should not be prejudiced by references to the Mello

appraisal, either directly or indirectly, at trial.

## CONCLUSION

For the foregoing reasons, this Court should allow the Trust's Motion in Limine and bar

any testimony about or other reference to the existence and amount of the Mello appraisal of the

Premises.


                                        BARBARA DEIGHTON HAUPT,
                                        Trustee of BD REALTY TRUST,
Date:   3/6/2007                        By her attorneys,

                                          /s/ Kristen M. Ploetz
                                        Jeffrey T. Angley, Esq.
                                        B.B.O. #543958
                                        Kristen M. Ploetz, Esq.
                                        B.B.O. #654549
                                        Phillips & Angley
                                        One Bowdoin Square
                                        Boston, MA 02114
                                        (617) 367-8787

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 6th day of March, 2007.

_____/S/ Kristen M. Ploetz_____
Kristen M. Ploetz, Esq.

L:\Ditn002\Motions in limine\mot.exclude.Mello.appraisal.final.doc

**EXHIBIT 1**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11745RWZ

BARBARA DEIGHTON HAUPT, Trustee of
BD REALTY TRUST,

        Plaintiff

v.

TOWN OF WAREHAM acting by and
through the BOARD OF SELECTMEN OF
THE TOWN OF WAREHAM, and the
BOARD OF SELECTMEN OF THE TOWN
OF WAREHAM,

        Defendant

DEFENDANTS' ANSWERS TO
PLAINTIFF'S FIRST SET OF
INTERROGATORIES

<u>GENERAL OBJECTION OF COUNSEL</u>

Objection is hereby made to the "Definitions" section of Plaintiff's First Set of

Interrogatories to the extent the same imposes obligations inconsistent with, or in addition to,

those established by the Federal Rules of Civil Procedure.

<u>INTERROGATORY NO. 1</u>

Identify each witness you plan to call to testify as an expert in this matter, and for each

witness state:

    a.      The subject matter of the testimony;

    b.      The substance of the facts and opnions to which the expert is expected to testify;

           and

    c.      A summary of the grounds for each opinion.

ANSWER NO. 4

Defendants respectfully refer plaintiff to Answer No. 3.

INTERROGATORY NO. 5

Please state whether the Premises have been appraised to determine the fair market value on behalf of the Town at any time within five (5) years prior to and including the date of taking through to the date that these Answers are filed, and identify:

a.   The name, address and occupation of each person who made any such appraisal on behalf of the Town;

b.   The date of each such appraisal;

c.   The date the appraisal was first submitted and the date(s) of any revision(s);

d.   The method(s) of appraisal used by each appraiser;

e.   The amount of time spent on the Premises by each appraiser; and

f.   The identity of any property appraised in the vicinity of the Premises which each such appraiser had made at or about the time of appraising the Premises.

ANSWER NO. 5

(a) John P. Mello , 7 Woodland Rd. Rochester MA 02770, real estate appraiser.

(b) 10/23/03

(c) 10/23/03

(d) Sales Comparison approach

(e) not known

(f) objection of counsel on the ground that this subpart of the interrogatory calls for information that irrelevant and not reasonably calculated to lead to discoverable information.

Without waiving the foregoing objection, defendants state that the adjacent Papageorge property was also appraised by Mr. Mello.

INTERROGATORY NO. 6

With respect to each appraiser identified in response to Interrogatory No. 5, state each appraiser's opinion of the highest and best use of the property as of the date of the appraisal.

ANSWER NO. 6

The appraiser assumed that the property was a developable and therefore the highest and best use is one residential structure and related site improvements.

INTERROGATORY NO. 7

If any of the appraisers identified in your Answer to Interrogatory No. 5 employed market data (comparable sales or comparable rentals) in the sales comparison approach, or in the capitalization of income approach, in determining the fair market value of the Premises either before or after the date of taking, please identify the appraiser and state the following:

    a.    the location and general description of the land and buildings of all such sales or rentals considered by each appraiser;

    b.    the date of each sale and the date and term of each rental;

    c.    the book and page of any deed for each sale considered comparable; and

    d.    the use to which each such property was put during the period of time relied on by each appraisers to establish comparability.

ANSWER NO. 7

    1.    67 Elm Street, South Dartmouth, MA, sales date 3/17/03—harbor views, deeded beach rights, buildable lot;

2.   2 Elm Street, South Dartmouth, MA, sales date 8/21/02—harbor partially obstructed

views, deeded beach rights, buildable residential lot;

3.   942 Drift Road, Westport, MA, sales date 7/24/02—Westport river view and frontage;

4.   960 Drift Road, Westport, MA, sales date 11/08/02—Westport river view and frontage;

5.   Arlington Road/Davis Lane, Wareham, MA, sales date 5/16/02—frontage on Shellpoint

Bay, builable lot;

6.   6 Ruggles Street, Wareham, MA, sales date 1/28/01—obstructed water view.

INTERROGATORY NO. 8

If it is the opinion of any appraiser identified in answering Interrogatory No. 5 that the

Premises could have been developed further to achieve its highest and best use, please identify

the appraiser(s) and describe the manner or nature of development.

ANSWER NO. 8

Defendant respectfully refers the plaintiff to Answer No. 6.

INTERROGATORY NO. 9

If any appraiser identified in answering Interrogatory No. 5 rendered an opinion regarding

the reasonable probability of a zoning change, variance, special permit, order of conditions or

other relief necessary pursuant to local or state zoning or wetlands rules, regulations and/or

bylaws, please identify the appraiser and state the following:

(a)   the ground(s) or basis for the appraiser's opinion regarding a zoning change,

variance, special permit, order of conditions or other relief;

(b)   a description of any document on which the appraiser bases the opinion regarding

a zoning change, variance, special permit, order of conditions or other relief; and

CERTIFICATE OF SERVICE

I, Jeffrey T. Blake, hereby certify that on the below date, I served a copy of the foregoing

Defendant's Answers to Plaintiff's First Set of Interrogatories by first class mail, postage prepaid,

to the following counsel of record:

> Jeffrey T. Angley, Esq.
> Kristen M. Ploetz, Esq.
> Phillips & Angley
> Ste 300
> 1 Bowdoin Sq
> Boston, MA 02114

Dated: 5/4/06