UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05-11745RWZ

BARBARA DEIGHTON HAUPT, Trustee )
of BD REALTY TRUST,              )
      Plaintiff                )
                                 )
v.                               )
                                 )
THE TOWN OF WAREHAM acting by    )
and through the BOARD OF         )
SELECTMEN OF THE TOWN OF         )
WAREHAM, and the BOARD OF        )
SELECTMEN OF THE TOWN OF         )
WAREHAM,                         )
      Defendants               )

**PLAINTIFF'S MOTION IN LIMINE TO BAR TESTIMONY REGARDING IMPACT THAT JURY VERDICT IN FAVOR OF PLAINTIFF MAY HAVE ON WAREHAM CITIZENS AND TO BAR TESTIMONY REGARDING ANY INCREASE IN PROPERTY VALUES OR LOCAL ECONOMY THAT MAY RESULT FROM TAKING OF THE PREMISES**

Now comes the Plaintiff, Barbara Deighton Haupt, Trustee of BD Realty Trust ("the Trust"), and moves this Honorable Court to bar testimony or evidence regarding (1) the impact that a jury verdict in favor of the Trust could possibly have upon citizens and taxpayers of Wareham; and (2) any purported general increase in property values or local economic boost which may have resulted from the Town's taking of the Premises by eminent domain.

**RELEVANT FACTS**

The Town effected its taking of the premises located at 200 Swifts Beach Road, Wareham, Massachusetts ("the Premises") by recording an Order of Taking on December 31, 2003 ("the Date of Taking"). The Date of Taking is the date upon which the highest and best use of the Premises is to be valued for purposes of this litigation.

**ARGUMENT**

I. The Impact of a Jury Verdict in Favor of the Trust and the Financial Impact of the Taking Itself on Wareham Citizens Are Irrelevant to a Determination of the Highest and Best Use of the Premises and Therefore Inadmissible Under Fed. R. Civ. P. 402.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Civ. P. 401. "Evidence which is not relevant is not admissible." Fed. R. Civ. P. 402.

At trial, the ultimate factual issue that the Trust is seeking to have the jury determine is the highest and best use of the Premises on the Date of Taking, and to award damages in accordance therewith. Both parties have retained real estate experts to offer testimony as to their respective opinions about the fair market value of the highest and best use of the Premises. Under both the federal and state constitutions, the Trust is entitled to full and just compensation for the taking of its land. The impact of a jury verdict in favor of the Trust is completely independent of and irrelevant to the ultimate issue to be decided in this case as it does not have any tendency to make the value of either party's appraisal of the highest and best use more or less probable. It is irrelevant that a favorable jury verdict may negatively impact the citizens or taxpayers of Wareham, such as through the possibility of increased tax rates or increased public project costs. Additionally, any increase in property values that may have been realized by properties located near the Premises, or any positive boost to the local economy that may have resulted from the taking itself are equally unrelated to the ultimate issue in the case, that is the fair market value of the highest and best use of the Premises. In essence, the financial ramifications of the taking and a jury award of damages are wholly distinct from the amount of damages to which the Trust is constitutionally entitled.

As a result, the Town should be barred from offering testimony or any other reference (*i.e.* during opening or closing statements) to the jury which suggests that if they render a verdict that is favorable to the Trust, it will negatively impact the citizens and taxpayers of Wareham. The Town should also be barred from offering evidence or testimony which suggests that the taking of the Premises in general has impacted local property values or the local Wareham economy in a positive manner.

> II. <u>Even if the Impact of a Jury Verdict or the Taking Itself Is Deemed Relevant By This Court, Its Probative Value is Substantially Outweighed by the Danger of Unfair Prejudice and Misleading the Jury</u>.

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . or misleading the jury . . . ." Fed. R. Civ. P. 403. Even assuming *arguendo* that the impact of a jury verdict in favor of the Trust or the impact of the taking on the local economy or property values is deemed relevant to the jury's ultimate determination of the fair market value of the highest and best use of the Premises on the Date of Taking, it should be excluded from evidence because it is unfairly prejudicial to the Trust and will mislead the jury in their determination of the highest and best use.

In particular, the fact that the jury will be asked to consider appraisals of the highest and best use of the Premises which range between $730,000 and $3,125,000, it is foreseeable that a significant monetary award of damages will be granted in favor of the Trust, and possibly create financial hardship for the Town which must satisfy the judgment. Although a significant award of damages may negatively impact the taxpayers or citizens of Wareham, either directly or indirectly through increased tax rates or increased public project costs, it is unfairly prejudicial to the Trust if these considerations are allowed to be made by the jury because the Trust is constitutionally entitled to be <u>fully</u> compensated for the value of its land that was taken by the

Town irrespective of any financial constraints it may ultimately create for the taking authority or its constituents. If such a negative impact on Wareham constituents is considered by the jury, it will be prejudicial in that it may unconsciously or even consciously factor into the jury's valuation of the highest and best use of the Premises. Knowledge that some negative impact could flow to fellow taxpayers from a very significant award of damages may ultimately cause the jury, on their own volition, to unfairly reduce the amount of damages they determine are justly awardable for the taking of the Premises. One can foresee this outcome no matter how well crafted the jury instructions may be. Such a reduction by the jury would be unfairly prejudicial to the Trust. Similarly, if the jury is allowed to consider whether there has been a positive impact resulting from the taking in the form of increased local property values or economies, it may equally factor into the jury's ultimate award of damages in that the award of damages may be reduced if the taking is unfairly viewed as being for the "greater good" of the Wareham citizenry. For these reasons, evidence of the impact of a jury verdict and the financial consequences (positive or negative) flowing from the taking itself must be excluded at trial.

## **CONCLUSION**

For the foregoing reasons, this Court should allow the Trust's Motion in Limine and bar (1) any testimony regarding the impact of a jury verdict in favor of the Plaintiff and (2) any testimony regarding the financial impact arising from the taking itself.

|  |  |
|---|---|
|  | BARBARA DEIGHTON HAUPT, Trustee of BD REALTY TRUST, |
| Date:  3/6/2007 | By her attorneys, |
|  | /s/ Kristen M. Ploetz_____ Jeffrey T. Angley, Esq. B.B.O. #543958 Kristen M. Ploetz, Esq. B.B.O. #654549 Phillips & Angley One Bowdoin Square Boston, MA 02114 (617) 367-8787 |

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 6th day of March, 2007.

_____/S/ Kristen M. Ploetz_____
Kristen M. Ploetz, Esq.

L:\Ditn002\Motions in limine\mot.bar.testimony.impact.taxpayers.doc