UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05-11745RWZ

| | |
|---|---|
| BARBARA DEIGHTON HAUPT, Trustee of BD REALTY TRUST,<br>      Plaintiff<br><br>v.<br><br>THE TOWN OF WAREHAM acting by and through the BOARD OF SELECTMEN OF THE TOWN OF WAREHAM, and the BOARD OF SELECTMEN OF THE TOWN OF WAREHAM,<br>      Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S MOTION IN LIMINE TO BAR TESTIMONY REGARDING AVAILABILITY OF PRE- AND POST-JUDGMENT INTEREST

Now comes the Plaintiff, Barbara Deighton Haupt, Trustee of BD Realty Trust ("the Trust"), and moves this Honorable Court to bar testimony regarding the availability of pre- and post-judgment interest. For reasons, the Trust states as follows.

### RELEVANT FACTS

The Town effected its taking of the premises located at 200 Swifts Beach Road, Wareham, Massachusetts ("the Premises") by recording an Order of Taking on December 31, 2003 ("the Date of Taking"). The Date of Taking is the date upon which the highest and best use of the Premises is to be valued for purposes of this litigation.

**ARGUMENT**

    I.    <u>The Availability of Pre- and Post-Judgment Interest on a Jury Award of Damages is Irrelevant and Therefore Is Inadmissible Under Fed. R. Civ. P. 402</u>.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Civ. P. 401. "Evidence which is not relevant is not admissible." Fed. R. Civ. P. 402.

Pursuant to M.G.L. c. 79, § 37, pre- and post-judgment interest "shall be added by the clerk of the court to the damages expressed in a verdict, finding, or order for judgment" in a claim for assessment of damages. At trial, the ultimate factual issue that the Trust is seeking to have the jury determine is the highest and best use of the Premises on the Date of Taking, and to award damages in accordance therewith. Both parties have retained real estate experts to offer testimony as to their respective opinions about the fair market value of the highest and best use of the Premises. The availability of pre- or post-judgment interest on the amount of damages awarded by the jury is completely independent of and irrelevant to the ultimate issue to be decided in this case as it does not have any tendency to make the value of either party's appraisal of the highest and best use more or less probable. As a result, the Town should be barred from offering testimony or any other reference (*i.e.* during opening or closing statements) to the jury which informs them of the availability of any interest that the Trust may be entitled to in addition to the award of damages.

    II.    <u>Even if the Availability of Pre- and Post-Judgment Interest Is Deemed Relevant By This Court, Its Probative Value is Substantially Outweighed by the Danger of Unfair Prejudice and Misleading the Jury</u>.

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . or misleading the jury . . . ." Fed. R. Civ. P.

2

403. Even assuming *arguendo* that the availability of pre- and post-judgment interest is deemed relevant to the jury's ultimate determination of the fair market value of the highest and best use of the Premises on the Date of Taking, it should be excluded from evidence because it is unfairly prejudicial to the Trust and will mislead the jury in their determination of the highest and best use.

In particular, the fact that the Trust is entitled to receive additional monies in the form of interest on an award of damages will be prejudicial in that it may unconsciously or even consciously factor into the jury's valuation of the highest and best use of the premises. Knowledge that pre- and post-judgment interest on what could be a very significant award of damages may ultimately cause the jury, on their own volition, to unfairly subtract the availability of interest from the amount of damages they determine are justly awardable for the taking of the Premises. One can foresee this outcome no matter how well crafted the jury instructions may be. Such a reduction by the jury would be unfairly prejudicial to the Trust. For these reasons, evidence of the availability of pre- and post-judgment interest must be excluded at trial.

## **CONCLUSION**

For the foregoing reasons, this Court should allow the Trust's Motion in Limine and bar any testimony regarding the availability of pre- and post-judgment interest.

|  |  |
|---|---|
| Date: 3/6/2007 | BARBARA DEIGHTON HAUPT, Trustee of BD REALTY TRUST, By her attorneys, |
|  | /s/ Kristen M. Ploetz<br>Jeffrey T. Angley, Esq.<br>B.B.O. #543958<br>Kristen M. Ploetz, Esq.<br>B.B.O. #654549<br>Phillips & Angley<br>One Bowdoin Square<br>Boston, MA 02114<br>(617) 367-8787 |

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 6th day of March, 2007.

/S/ Kristen M. Ploetz
Kristen M. Ploetz, Esq.

L:\Ditn002\Motions in limine\mot.bar.testimony.interest.final.doc