UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05-11745RWZ

| | |
|---|---|
| BARBARA DEIGHTON HAUPT, Trustee of BD REALTY TRUST,<br>      Plaintiff | )<br>)<br>)<br>) |
| v. | )<br>) |
| THE TOWN OF WAREHAM acting by and through the BOARD OF SELECTMEN OF THE TOWN OF WAREHAM, and the BOARD OF SELECTMEN OF THE TOWN OF WAREHAM,<br>      Defendants | )<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S MOTION IN LIMINE TO BAR TESTIMONY REGARDING THE ASSESSED VALUES OF THE PREMISES**

Now comes the Plaintiff, Barbara Deighton Haupt, Trustee of BD Realty Trust ("the Trust"), and moves this Honorable Court to bar testimony regarding the assessed values of the property that is the subject of this eminent domain litigation. For reasons, the Trust states as follows.

**RELEVANT FACTS**

The Town effected its taking of the premises located at 200 Swifts Beach Road, Wareham, Massachusetts ("the Premises") by recording an Order of Taking on December 31, 2003 ("the Date of Taking"). The Date of Taking is the date by which the highest and best use of the Premises is to be valued for purposes of this litigation.

**ARGUMENT**

    I.    <u>The Assessed Value of the Premises is Irrelevant and Therefore Is Inadmissible Under Fed. R. Civ. P. 402</u>.

1

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Civ. P. 401. "Evidence which is not relevant is not admissible." Fed. R. Civ. P. 402.

At trial, the ultimate factual issue that the Trust is seeking to have the jury determine is the highest and best use of the Premises on the Date of Taking, and to award damages in accordance therewith. Both parties have retained real estate experts to offer testimony as to their respective opinions about the fair market value of the highest and best use of the Premises. The assessed value of the Premises is completely independent of and irrelevant to the ultimate issue to be decided in this case as it does not have any tendency to make the value of either party's appraisal of the highest and best use more or less probable. As a result, the Town should be barred from offering testimony or any other reference (*i.e.* during opening or closing statements) to the jury which references the assessed value of the Premises.

Evidence of assessed value was not admissible at common law as proof of value in eminent domain cases.[1] See, e.g., Flint v. Flint, 6 Allen 34, 37; Kenerson v. Henry, 101 Mass. 152, 155 (1869); Commonwealth v. Quinn, 222 Mass. 504, 516 (1916); Johnson v. Lowell, 240 Mass. 546, 550-51 (1922); Wenton v. Commonwealth, 335 Mass. 78, 81 (1956). The Trust is mindful of the enactment of M.G.L. c. 79, § 35, which provides that valuations made by the assessors for the three years next preceding the date of the taking may be introduced in evidence provided that if the valuation of any one year is so introduced the valuations for all three years shall be introduced, "and provided that no such valuations shall be so introduced as such

---

[1] This motion is being filed by the Trust to the extent that the Town is not willing to stipulate in advance of trial that evidence of assessed values of the Premises shall not be disclosed to the jury. However, the Trust notes that the Town has not listed any assessed values for any year(s) as part of its proposed trial exhibits, nor did it disclose such information as part of its Automatic Disclosures or responses to the Trust's discovery requests.

evidence unless within five years preceding such taking or injury there has been a <u>comprehensive revaluation</u> of the real estate of the town and the valuation or valuations sought to be introduced are valuations assessed <u>after</u> such comprehensive revaluation." M.G.L. c. 79, § 35 (emphasis added).

In any event, should the Court find that the assessments proffered in this case comply with the statute, they remain inadmissible in the case since they are not indicative of the Premises' "fair market value", which indisputably is the governing standard in this, and all, eminent domain proceedings. Neither of the two experts in this case relied upon the assessed values as indicators of the fair market value. This alone should exclude the assessments from evidence. Further, there is no dispute that the plaintiff is entitled to "the highest price which a hypothetical, willing buyer would pay to a hypothetical, willing seller in an assumed free and open market." <u>Epstein v. Boston Housing Auth</u>., 317 Mass. 297, 299 (1944). There is no dispute that this is <u>not</u> the standard used for municipal assessments.

It is also significant that opinions of value to be offered by both parties' experts will directly contradict the notion that the Town's assessments are consistent with fair market value. In Fiscal Year 2003, the total assessed value of the Premises was $259,200.00. The Trust's expert will opine that the property's highest and best use on the Date of Taking was valued at $3,125,000.00, far in excess of the assessed value. In fact, the *pro tanto* payment of $450,000.00 is also far in excess of the assessed value in the year of the taking. After making the *pro tanto* payment to the Trust, the Town cannot be permitted to argue that the property's value was consistent with the assessment. Indeed, the Town's expert will opine that the damage figure or the fair market value of the property is $730,000.00, more than $470,800 over the assessed FY2003 value.

3

It is the highest price that the property taken by eminent domain would achieve in the open market that is applicable to this case. It is common knowledge that real estate is bought and sold at prices far exceeding the value assessed by the municipality. Thus, any evidence relative to the assessed values would offer nothing toward the property's "fair market value", and must be excluded.

Based on the foregoing, the assessed value of the Premises is irrelevant and therefore should be barred at trial.

> II. <u>Even if the Assessed Value of the Premises Is Deemed Relevant By This Court, Its Probative Value is Substantially Outweighed by the Danger of Unfair Prejudice and Misleading the Jury</u>.

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . or misleading the jury . . . ." Fed. R. Civ. P. 403. Even assuming *arguendo* that the assessed value of the Premises is deemed relevant to the jury's ultimate determination of the fair market value of the highest and best use of the Premises on the Date of Taking, it should be excluded from evidence because it is unfairly prejudicial to the Trust and will mislead the jury in their determination of the highest and best use.

First, the Town has not provided any indication of what year(s), if any, of assessed values it is seeking to introduce at trial. Indeed, the Town has not provided these values either in its Automatic Disclosures or in its responses to the Trust's discovery requests. In fact, but for the fact that the Town is not willing to stipulate that the assessed values of the Premises shall not be disclosed to the jury, the Trust would not have been aware that the Town was even going to attempt to introduce any assessed values at trial. A disclosure this late in the litigation and only one month before trial is not only unfairly prejudicial to the Trust, but it violates the rules of discovery. Moreover, the Town has not shown that a truly comprehensive reliable revaluation

4

was performed in Wareham in the statutory five year period.  In sum, the Town should have disclosed to the Trust the year(s) of the assessed value and confirmation (in affidavit or other certified form) that a comprehensive revaluation was undertaken in Wareham during the statutory five year period, and it should have produced and listed such documents in the pre-trial memorandum.  Its failure to do so is highly prejudicial to the Trust.  For this reason, evidence of assessed values of the property should be excluded at trial.

## CONCLUSION

Because evidence of the assessed values of the property is irrelevant and highly prejudicial, this Court should allow the Trust's Motion in Limine and bar any testimony regarding the assessed value of the Premises for any year.

Date:   3/6/2007

BARBARA DEIGHTON HAUPT,
Trustee of BD REALTY TRUST,
By her attorneys,

 /s/ Kristen M. Ploetz
Jeffrey T. Angley, Esq.
B.B.O. #543958
Kristen M. Ploetz, Esq.
B.B.O. #654549
Phillips & Angley
One Bowdoin Square
Boston, MA 02114
(617) 367-8787

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 6th day of March, 2007.

_____/S/ Kristen M. Ploetz_____
Kristen M. Ploetz, Esq.

L:\Ditn002\Motions in limine\mot.exclude.assessed.value.final.doc