UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05-11745RWZ

| | |
|---|---|
| BARBARA DEIGHTON HAUPT, Trustee of BD REALTY TRUST,<br>      Plaintiff<br><br>v.<br><br>THE TOWN OF WAREHAM acting by and through the BOARD OF SELECTMEN OF THE TOWN OF WAREHAM, and the BOARD OF SELECTMEN OF THE TOWN OF WAREHAM,<br>      Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S MOTION IN LIMINE TO BAR EVIDENCE OF THE *PRO TANTO* PAYMENT PAID BY THE TOWN TO PLAINTIFF FOR THE TAKING OF THE PREMISES BY EMINENT DOMAIN**

Now comes the Plaintiff, Barbara Deighton Haupt, Trustee of BD Realty Trust ("the Trust"), and moves this Honorable Court to bar evidence related to the *pro tanto* payment paid by the Defendant, Town of Wareham ("the Town") to the Trust for the taking of the premises by eminent domain. For reasons, the Trust states as follows.

**RELEVANT FACTUAL BACKGROUND**

The Trust purchased the premises located at 200 Swifts Beach Road, Wareham, Massachusetts ("the Premises") on August 31, 2000. The Town effected its taking of the Premises by eminent domain by recording an Order of Taking on December 31, 2003 ("the Date of Taking"), more than three years after the Trust purchased the Premises. The Date of Taking is

1

the date upon which the highest and best use of the Premises is to be valued for purposes of this litigation.

Pursuant to M.G.L. c. 79, § 6, "When a taking is made on behalf of a body politic . . . the board of officers by whom the order of taking is adopted shall, at the time of the adoption thereof, award the damages sustained by every person in his property by reason of such taking." However, at least one appraisal of the property taken must be made prior to paying the award of damages.  See M.G.L. c. 79, § 7A.  M.G.L. c. 79, § 8A, further provides that the taking authority may make an offer of payment *pro tanto* following the taking of real property by eminent domain.  See M.G.L. c. 79, § 8A.  On or about January 21, 2004, pursuant to M.G.L. c. 79, §§ 7B and 8A, the Town made an Offer of Pro Tanto Payment to the Trust, in the amount of $450,000.00, as payment of damages for the taking of the Premises by eminent domain.  The basis for the Town's $450,000.00 *pro tanto* payment was an appraisal performed by a purportedly qualified real estate appraiser (who is not one of the Town's witnesses in this trial).  Pursuant to her statutory rights, the Trustee accepted the Town's *pro tanto* payment of damages.  However, the Trust did <u>not</u> accept the *pro tanto* payment in complete settlement of all damages claims nor did it waive the appraisal pursuant to M.G. L. c. 79, § 7A, and thus the present litigation ensued.  On or about February 25, 2004, the Town issued a check in the amount of $242,155.02, payable to the Trust.   The balance of the damages payment was paid to the mortgagee of the Premises.

## **ARGUMENT**

I.    <u>Evidence of the *Pro Tanto* Payment Is Irrelevant and Therefore Inadmissible</u>.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be

without the evidence." Fed. R. Civ. P. 401. "Evidence which is not relevant is not admissible." Fed. R. Civ. P. 402.

The relevant factual inquiry for the jury will be to determine the fair market value of the highest and best use of the Premises on the Date of Taking. At trial, the Town may seek to introduce evidence of the *pro tanto* payment paid by the Town for the taking of the Premises in support of its argument regarding the fair market value of the Premises on the Date of Taking, and/or to rebut the Trust's appraisal of the fair market value of the Premises. The *pro tanto* payment paid to the Trust for the taking of the Premises simply has no bearing on the value of the property on the Date of Taking in 2003, and does not have any tendency to make the valuation on the Date of Taking—as determined by either parties' experts—either more probable or less probable. As set forth in the Town's real estate appraiser's expert report, the Town has already acknowledged that the fair market value of the Premises on the date of taking was far greater than the $450,000.00 *pro tanto* payment it paid to the Trust. Indeed, the Town's expert has appraised the highest and best use of the Premises on the Date of Taking at $730,500.00. In other words, the Town's trial appraisal of the fair market value of the Premises in 2003 is $280,500.00 <u>more than</u> the underlying appraisal that served as the basis for the *pro tanto* payment when it was paid shortly after the taking. While the Trust disputes the Town's present assessment of the fair market value of the Premises on the Date of Taking, it is clear that the $450,000.00 *pro tanto* payment was wholly inadequate based on the opinion of the Town's own expert. Thus, introduction of the amount of the *pro tanto* payment—which was supposed to have been full and fair compensation for the taking in the first place—is irrelevant, and therefore inadmissible, for purposes of the underlying assessment of damages claim. <u>See</u> Fed. R. Civ. P. 402. Rather, the parties should be limited to presenting the appraisals of their experts to support

their claims of the fair market value of the highest and best use of the Premises as of the Date of Taking, and subsequently subtract the amount of the *pro tanto* payment from whatever damages the jury may award based on their consideration of the appraisal evidence.

      II.      <u>Even if the *Pro Tanto* Payment is Deemed Relevant It Should Not Be Admitted Because Its Probative Value Is Substantially Outweighed By the Danger of Unfair Prejudice, Confusion of The Issues and Misleading the Jury</u>.

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Fed. R. Civ. P. 403. There is no probative value to the amount of the *pro tanto* payment paid to the Trust inasmuch as it is neither representative of the fair market value of the Premises, nor the amount of damages to which the Trust is entitled under federal and state law. This is evidenced by the fact that both the Town and the Trust have appraised the fair market value of the highest and best use of the Premises at a value substantially <u>higher</u> than the *pro tanto* payment.

However, even assuming *arguendo* that the *pro tanto* payment is deemed relevant to the jury's ultimate determination of the fair market value of the highest and best use of the Premises on the Date of Taking, it should be excluded from evidence because it is unfairly prejudicial to the Trust, and will mislead and confuse the jury in their determination of the highest and best use. First, the fact that the Trust has received any monies in compensation for the taking will be prejudicial not only because it may unfairly and unreasonably lead the jury to believe that the Trust has already been adequately compensated, but also the <u>amount</u> of the *pro tanto* award may be prejudicial in that it may unconsciously factor into the jury's valuation of the highest and best use of the premises. This is the reason why it is important to exclude both the existence of the *pro tanto* payment as well as the amount thereof. Moreover, the fact that the Trust has already

4

received some compensation from the Town may confuse the issues and mislead the jury which will have the task of determining the fair market value of the highest and best use of the Premises.  Knowledge that some monies have already been paid to the Trust may ultimately cause the jury, on their own volition, to unfairly subtract the *pro tanto* payment from the amount of damages they determine are just for the taking of the Premises.  One can foresee this outcome no matter how well crafted the jury instructions may be.  Such a reduction by the jury would be unfairly prejudicial to the Trust.  For these reasons, evidence of the *pro tanto* payment must be excluded at trial.

Furthermore, evidence of the *pro tanto* payment should be excluded to the extent that the payment was based upon an appraisal that the Town has refused to produce.  Because the Town has refused to produce the appraisal, the Trust has been unable to assess the merits of that appraisal, and it is unfair for the Town to disclose the appraisal-established value of $450,000.00 without ever disclosing how that valuation was derived (*i.e.* the basis for the appraisal).

## **CONCLUSION**

For the foregoing reasons, this Court should allow the Trust's Motion in Limine and (1) bar any testimony regarding the existence and amount of the *pro tanto* payment paid by the Town to the Trust for the taking of the Premises; and (2) subtract the amount of the *pro tanto* payment from the jury's award of damages at trial.

|  |  |
|---|---|
| Date:   3/6/2007 | BARBARA DEIGHTON HAUPT,<br>Trustee of BD REALTY TRUST,<br>By her attorneys,<br><br>  /s/ Kristen M. Ploetz<br>Jeffrey T. Angley, Esq.<br>B.B.O. #543958<br>Kristen M. Ploetz, Esq.<br>B.B.O. #654549<br>Phillips & Angley<br>One Bowdoin Square<br>Boston, MA 02114<br>(617) 367-8787 |

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 6th day of March, 2007.

  /S/ Kristen M. Ploetz
Kristen M. Ploetz, Esq.

L:\Ditn002\Motions in limine\mot.exclude.pro.tanto.final.doc