UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05-11745RWZ

| | |
|---|---|
| BARBARA DEIGHTON HAUPT, Trustee ) | |
| of BD REALTY TRUST, ) | |
|     Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| THE TOWN OF WAREHAM acting by ) | |
| and through the BOARD OF ) | |
| SELECTMEN OF THE TOWN OF ) | |
| WAREHAM, and the BOARD OF ) | |
| SELECTMEN OF THE TOWN OF ) | |
| WAREHAM, ) | |
|     Defendants ) | |

**PLAINTIFF'S MOTION IN LIMINE TO BAR EVIDENCE OF PLAINTIFF'S PURCHASE PRICE FOR THE PREMISES**

Now comes the Plaintiff, Barbara Deighton Haupt, Trustee of BD Realty Trust ("the Trust"), and moves this Honorable Court to bar evidence related to the original purchase price paid by the Trust for the premises which were later taken by the Defendant, Town of Wareham ("the Town"), by eminent domain. For reasons, the Trust states as follows.

**RELEVANT FACTS**

The Trust purchased the premises located at 200 Swifts Beach Road, Wareham, Massachusetts ("the Premises") on August 31, 2000. The Town effected its taking of the Premises by eminent domain by recording an Order of Taking on December 31, 2003 ("the Date of Taking"), more than three years after the Trust purchased the Premises. The Date of Taking is the date by which the highest and best use of the Premises is to be valued for purposes of this litigation.

**ARGUMENT**

    I.    <u>Massachusetts Law Prohibits Evidence of Purchase Price if Too Remote in Time or if Substantial Changes In Condition Have Occurred Since the Sale</u>.

Under Massachusetts law, the original purchase price of the Premises may only be admitted if it was not remote in time and if it was a voluntary, arms-length transaction between the parties, and if no substantial change in condition has occurred since the sale.  <u>See</u> <u>Suburban Land Co. Inc. v. Inhabitants of Arlington</u>, 219 Mass. 539 (1914); <u>Brush Hill Dev., Inc. v. Commonwealth</u>, 338 Mass. 359 (1954); <u>Lembo v. Town of Framingham</u>, 330 Mass. 461 (1953).  It is within the judge's discretion of whether such evidence should be admitted and whether such evidence is relevant to the property's value on the date of taking.  <u>See</u> <u>Lembo</u>, 330 Mass. at 463.  <u>See</u> <u>also</u> <u>Ramacorti v. Boston Redevelopment Auth.</u>, 341 Mass. 377, 380 (1960).  Furthermore, admitting a deed into evidence which states the purchase price or depicts tax stamps is considered harmful error if the judge otherwise excludes oral testimony of the purchase price of the property.  <u>See</u> <u>New England Bldg. Trust v. Montaup Elec. Co.</u>, 353 Mass. 242, 244 (1967).

    The Trust purchased the property more than three years prior to the Date of Taking.  This three year differential renders the original purchase price paid by the Trust too remote in time relative to the Date of Taking because it does not take into account substantial changes in market conditions.  Indeed, in his appraisal of the highest and best use of the Premises in 2003, the Trust's expert makes an <u>upward</u> market adjustment of 12-13% for two comparable sales that occurred in 2001 and 2002, which were only one to two years <u>after</u> the Trust's purchase of the Premises in 2000.  Certainly the purchase price paid in 2000 would also require a market adjustment in order to make it truly comparable to the fair market value of the Premises in 2003, the year of the taking.  Thus, admission of the Trust's original purchase price without any adjustment for time or market conditions should not be admitted at trial, including any

unredacted version of the Trust's deed, because it is too remote in time and fails to recognize substantial changes in market conditions.

    II.    The Original Purchase Price is Irrelevant and Therefore Is Inadmissible Under Fed. R. Civ. P. 402.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Civ. P. 401. "Evidence which is not relevant is not admissible." Fed. R. Civ. P. 402. See also Ramacorti, 341 Mass. at 380 (judge has discretion to determine whether evidence of original purchase price is relevant to the value of the property on the date of taking).

At trial, the relevant factual inquiry for the jury will be to determine the fair market value of the highest and best use of the Premises on the Date of Taking. The purchase price paid for the Premises in 2000 simply has no bearing on the value of the property on the Date of Taking in 2003, and does not have any tendency to make the valuation on the Date of Taking—as determined by either parties' experts—either more probable or less probable. At minimum, the parties agree that a two-family residential structure could have lawfully been made at the Premises on the Date of Taking. Although the Trust disputes the Town's valuation of the two-family use—and, more importantly, disputes that a two-family residential use is the highest and best use of the Premises[1]—the Town's approximation of the value of this use is $730,500.00. In other words, the Town's own appraisal of the fair market value of the Premises on the Date of Taking in 2003 is more than $505,500 more than the purchase price paid by the Trust in 2000. Clearly such a significant difference in the amount of the purchase price paid in 2000 cannot be

---

[1] At trial, the Trust will introduce evidence which shows an alternative development scheme that is valued higher than a two-family residential use.

considered to make the Town's 2003 valuation more or less probable.[2]  Furthermore, because both real estate appraisers used independent comparable sales to support their respective opinions of value of the Premises on the Date of Taking, the purchase price is rendered irrelevant because it does not make either party's determination of the value of the Premises on the Date of Taking more or less probable.  As a result, the original purchase price is irrelevant and therefore inadmissible at trial.  See Fed. R. Civ. P. 402.

> III.   Even if the Original Purchase Price Is Deemed Relevant By This Court, Its Probative Value is Substantially Outweighed by the Danger of Unfair Prejudice and Misleading the Jury.

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . or misleading the jury . . . ." Fed. R. Civ. P. 403.  Even assuming *arguendo* that the original purchase price is deemed relevant to the jury's ultimate determination of the fair market value of the highest and best use of the Premises on the Date of Taking, it should be excluded from evidence because it is unfairly prejudicial to the Trust and will mislead the jury in their determination of the highest and best use.

First, evidence of the original purchase price is prejudicial to the Trust as it is not reflective of the fair market value of the highest and best use of the Premises as of the Date of Taking, as that value has been determined by each party. On the other hand, there will be no prejudice to either party if the evidence is excluded because both parties have retained qualified real estate appraisers who used comparable sales data to support their opinions of the fair market value of the highest and best use of the Premises on the Date of Taking.  Moreover, evidence of the purchase price will be misleading to the jury because this information has not been qualified or explained in the context of whether the price paid by the Trust in 2000 is a valid indicator of

---

[2] Moreover, the Trust's valuation of the two-family residential use is $1,200,000.00 and therefore reflects an even greater difference between the original purchase price.

the property's fair market value in 2000, much less 2003.  In any event, it is clear that the purchase price paid by the Trust is much lower than both the Town's and the Trust's appraisal of the fair market value of the Premises in 2003, and therefore its probative value (which the Trust disputes) is substantially outweighed by unfair prejudice, and by excluding this evidence, the jury will not be mislead by a value which has not factored into either party's valuation of the Premises.

## CONCLUSION

For the foregoing reasons, this Court should allow the Trust's Motion in Limine and (1) bar any oral testimony regarding the original purchase price paid by the Trust for the Premises; and (2) admit only a redacted version of the deed conveying title to the Premises to the Trust which omits the purchase price and tax stamps.

Date:   3/6/2007

BARBARA DEIGHTON HAUPT,
Trustee of BD REALTY TRUST,
By her attorneys,

___/s/ Kristen M. Ploetz_____
Jeffrey T. Angley, Esq.
B.B.O. #543958
Kristen M. Ploetz, Esq.
B.B.O. #654549
Phillips & Angley
One Bowdoin Square
Boston, MA 02114
(617) 367-8787

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 6th day of March, 2007.

_____/S/ Kristen M. Ploetz_____
Kristen M. Ploetz, Esq.

L:\Ditn002\Motions in limine\mot.exclude.purchase.price.final.doc