UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11745RWZ

BARBARA DEIGHTON HAUPT, Trustee of
BD REALTY TRUST,

    Plaintiff
v.

TOWN OF WAREHAM acting by and
through the BOARD OF SELECTMEN OF
THE TOWN OF WAREHAM, and the
BOARD OF SELECTMEN OF THE TOWN
OF WAREHAM,

    Defendants

DEFENDANTS' MOTION *IN LIMINE*
TO EXCLUDE ANY AND ALL
TESTIMONY AND EVIDENCE
CONCERNING PRIOR USE OF THE
PREMISES

Now come the Defendants (the "Town") in the above captioned matter and hereby move, *in limine*, that an order be entered precluding any and all testimony and evidence concerning prior use of the property that is the subject of this litigation (the "Premises"). In support of this motion, the Defendants state as follows.

I.    BACKGROUND

Plaintiffs' allege that "[s]ince the 1950's, the Premises has been used seasonally for beach use and attendant on-site parking, including, at various times a food concession stand and shower and rest rooms facilities." See Joint Pretrial Memorandum, Plaintiff's Contested Issues of Fact Nos. 4 and 23. Plaintiffs further allege that neither the Wareham Conservation Commission ("ConCom") nor the Massachusetts Department of Environmental Protection ("DEP") has issued any enforcement actions relative to the use of the Premises including parking within or upon vegetated wetlands, coastal dunes,

barrier beach or salt marsh.  See Joint Pretrial Memorandum, Plaintiff's Contested Issues of Fact Nos. 5 and 6.

At trial, Defendants intend to show that a significant portion of the Premises on which this parking lot was operated is subject to DEP, ConCom, and United States Army Corp of Engineers ("Corp of Engineers") regulatory limitations that prohibit the Plaintiffs' proposed highest and best uses of the Premises; a condominium project or a non-profit beach club.

It is expected that Plaintiffs will argue that because the ConCom, DEP, and Corp of Engineers did not previously issue any enforcement orders or otherwise enjoin the prior use of the Premises as a parking lot, that the Town, DEP or the Corp of Engineers is estopped from any regulatory enforcement thus, notwithstanding said regulations, the plaintiffs are entitled to develop the Premises without regard to said regulations.  The Plaintiffs should be precluded from offering such testimony because any prior use is not probative of whether ConCom, DEP, or Corp of Engineer regulations actually allows the proposed future uses or as the value of any future use of the Premises.  As the evidence of prior uses is not otherwise relevant it should be excluded.

II.   ARGUMENT

As stated above, it is expected that Plaintiffs will argue that the prior use of the Premises as a parking lot somehow now estops the Town, DEP or the Army Corp of Engineers from enforcing regulatory limitations with respect to the property.  However, as demonstrated below, the doctrine of estoppel is not applicable.  Where estoppel is not applicable, the prior use of the Premises is irrelevant to the determination of any contested issue of fact and must therefore be excluded.

As with analogous zoning law, the doctrine of estoppel "cannot stay the hand" of a municipality or governmental agency in enforcement of its regulations. Building Inspector of Lancaster v. Sanderson, 372 Mass. 157, 162, 360 N.E.2d 1051, 1054 (1977). Massachusetts courts do not permit estoppel of state government where the principles of estoppel would negate requirements of law intended to protect the public. Sullivan v. Chief Justice for Admin. and Management of Trial Court, 448 Mass. 15, 30, 858 N.E.2d 699, 712-713 (2006) ("The public interest in seeing legislative policies adhered to by a governmental agency of the Commonwealth overrides any equitable considerations"); Doris v. Police Comm'r of Boston, 374 Mass. 443, 449, 337 N.E.2d 944, 949 (1978) ("It would indeed be a most serious consequence if we were to conclude that the inattention or inactivity of government officials could render a statute unenforceable and thus deprive the public of the benefits or protections bestowed by the Legislature" ). The doctrine of equitable estoppel is equally inapplicable against the federal government. Frillz, Inc. v. Lader 104 F.3d 515, 518 (1st Cir 1997); see also OPM v. Richmond, 496 U.S. 414, 419 (1990); United States v. Ven-Fuel, Inc., 758 F.2d 741, 761 (1st Cir. 1985); Heckler v. Community Health Servs., 467 U.S. 51, 67 (1984) (Rehnquist, J., concurring) (noting that the Supreme Court has never upheld an estoppel claim against the government). The ComCom, DEP, and Corp of Engineers regulations applicable here reflect legislative environmental and land use policies intended to protect the public. Regardless of previous enforcement, or lack thereof, these regulations must be considered in any determination of the feasibility of the proposed uses of the Premises.

The prior use of the Premises as a parking lot, even if that use has been ongoing for fifty plus years, does not now estop the enforcement of applicable regulations. There

is no merit to the argument that because a regulation was ignored in the past it need not be considered in determining permissible uses. The prior enforcement history of regulations applicable to the Premises is not relevant, and the prior use of the Premises is not probative on the issue of permissible or likely permissible future uses. Because this evidence has no probative value it should be excluded.

WHEREFORE, the Town requests that this Court enter an order precluding the Plaintiffs from offering testimony concerning the prior use of the Premises as alleged in Joint Pretrial Memorandum Plaintiff's Contested Issues of Fact Nos. 4, 5, 6, 16 and 23, including the introduction of any and all photographic or video evidence depicting such prior uses of the Premises.

Defendants,
By their attorneys,

Richard Bowen (BBO# 552814)
Jeffrey T. Blake (BBO# 655773)
Kopelman and Paige, P.C.
101 Arch Street
Boston, MA 02110-1109
(617) 556-0007

307850/3100/0224