UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11745RWZ

| | |
|---|---|
| BARBARA DEIGHTON HAUPT, Trustee of BD REALTY TRUST,<br><br>    Plaintiff<br>v.<br><br>TOWN OF WAREHAM acting by and through the BOARD OF SELECTMEN OF THE TOWN OF WAREHAM, and the BOARD OF SELECTMEN OF THE TOWN OF WAREHAM,<br><br>    Defendants | DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE ANY AND ALL TESTIMONY AND EVIDENCE OF A LEASE AGREEMENT BETWEEN BRUCE SAUVAGEAU AND BD REALTY TRUST |

Now come the Defendants (the "Town") in the above captioned matter and hereby move, *in limine*, that an order be entered precluding any and all testimony and evidence concerning the lease agreement between Bruce Sauvageau and BD Realty Trust for the property that is the subject of this litigation (the "Premises"). A true and accurate copy of the lease is attached hereto as Exhibit A. In support of this motion, the Town states as follows.

This is a suit brought by the plaintiff as the result of defendants taking of her property. The plaintiff does not contest the validity of the taking, but rather, the sole issue before the Court is the adequacy of the compensation awarded by the Town. A claim of bad faith against the Town with respect to the taking of the Premises was dismissed by agreement of the parties. As such, this case is now solely a damages action where the only remaining issues involve questions of valuation. Furthermore, the valuations at issue are those of the Plaintiff's proposed uses (as beach club, condominium

development, or single family house). The use of the premises at the time of the taking is not at issue here and is unrelated to the question of potential value for any of the proposed uses. Therefore, the fact that at sometime in the past, the Premises was being leased from the Plaintiff to Bruce Sauvageau, a Selectman of the Town, is wholly irrelevant to any outstanding issues in the case.

The Plaintiff's do not contest that the Premises were lawfully taken by eminent domain. There is no issue of bad faith. The motivations of the Town or its officials are not at issue here. The fact that a Town official held an interest in the property at the time of the taking does not in any way influence a determination of highest and best use or potential valuation of the Premises.[1] The prior lease agreement has no tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." F.R.E. Rule 401. "Evidence which is not relevant is not admissible." F.R.E. Rule 402.

---

[1] With respect to any potential argument that the lease may be relevant because a Town official was involved in prior use of the property and that the Town's knowledge or involvement now estops the enforcement of certain land use and environmental regulations please see Town's Motion in Limine to Exclude Any and All Evidence Concerning Prior Use of the Premises, where it is demonstrated that estoppel is not applicable against the Town.

2

WHEREFORE, the Town requests that this Court enter an order precluding the Plaintiffs from offering evidence or testimony concerning the lease agreement between Bruce Sauvageau and BD Realty Trust including the use of the exhibit identified in the <u>Joint Pretrial Memorandum</u> as Plaintiff's Contested Exhibit 'N'.

Defendants,
By their attorneys,

_____
Richard Bowen (BBO# 552814)
Jeffrey T. Blake (BBO# 655773)
Kopelman and Paige, P.C.
101 Arch Street
Boston, MA  02110-1109
(617) 556-0007

308133/3100/0224

LEASE AGREEMENT; Parking Lot Area for 2001 Season.

This land lease is between BD Realty Trust, Landlord and Bruce Sauvageau, tenant for the purpose of renting the parking lot space, as per attached plan, part of the contiguous land called the swift's beach parcel owned by the BD Realty Trust.

Access will be the first gate, the rent shall be fixed at $2,200 paid in three equal installments, on June 1st, July 1st, and August 1st. The rental period shall be between May 25th, 2001 to September 9th, 2001. Tenant shall comply with all governmental agency rules and regulations.

Parking lot patrons shall have access to the beach area owned by landlord. The landlord(s), it's assignee's, representatives & guests shall have full access to the parking lot area without fee, and provide monitoring during "open" hours. *TENANT TO PTS*

Tenants agree to maintain the area in a clean manner. Tenant maintains a liability coverage of $1,000,000 running with a commercial policy. Landlord shall be named as co-insured, BD Realty Trust, Robert H. Deighton, Jr. and Barbara Deighton individually. Liability is for the parking lot area, as designated.

Access and collection area shall not interfere with the landlord's construction trailer, parking or occupying motor home or trailer.

Signed & agreed to by the parties this date of May 23rd, 2001.

X _____ Trustee 5/23/01
   BD Realty Trust
   P.O. Box 878
   Marion, MA 02738

X _____ 5/23/01
   Bruce Sauvageau
   188 Swifts Beach Road
   Wareham, MA 02571

000000204

EXH. A

Land in Wareham, MA
BD Realty Trust - Owner
Not to scale of Orig. Drawing
(1" = 60')

Attached to Lease 5/23/01