UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05-11745RWZ

BARBARA DEIGHTON HAUPT, Trustee    )
of BD REALTY TRUST,                )
        Plaintiff                 )
                                   )
v.                                 )
                                   )
THE TOWN OF WAREHAM acting by      )
and through the BOARD OF           )
SELECTMEN OF THE TOWN OF           )
WAREHAM, and the BOARD OF          )
SELECTMEN OF THE TOWN OF           )
WAREHAM,                           )
        Defendants                )

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO EXCLUDE ANY AN ALL TESTIMONY AND EVIDENCE CONCERNING TOWN OF WAREHAM M.G.L. CHAPTER 40B STATISTICS**

Now comes the Plaintiff, Barbara Deighton Haupt, Trustee of BD Realty Trust ("the Trust"), and opposes Defendants' Motion in Limine to Exclude Any and All Testimony and Evidence Concerning Town of Wareham M.G.L. Chapter 40B Statistics. For reasons, the Trust states as follows.

**ARGUMENT**

    I.    <u>Evidence that the Town of Wareham Has Previously Approved Several Projects Under M.G.L. c. 40B Is Relevant To The Issue of Whether the Trust's Development Scenario for 40 Residential Units with 10 Units of Affordable Housing Can Be Considered The Highest and Best Use</u>.

At trial, the Trust intends to introduce evidence that the highest and best use of the Premises on the date of taking was a 40-unit residential housing development (with ten affordable housing units) under M.G.L. c. 40B to be located on the Trust's 5.35 acre parcel of land in Wareham, Massachusetts. The Town disputes that the development is a feasible highest

1

and best use because, *inter alia*,[1] the Town claims that the proposed use is too speculative from a permitting perspective. The Town's zoning expert, Mark Bobrowski, has opined and will presumably opine at trial that when considering the issuance of a comprehensive permit under M.G.L. c.40B, the local zoning board of appeals (ZBA) has "considerable discretion [and a] comprehensive permit is not available as of right." See Affidavit of Mark Bobrowski ("Bobrowski Aff.") at 5 (attached hereto as **Exhibit 1**). Bobrowski then goes on to opine as follows:

> In my experience, this discretion is exercised in several ways:
> a. Some projects are denied.
> b. Some projects are reduced in density. Of the 100 projects I have witnessed, <u>very few have been approved at the level of density proposed in [the Trust's] application</u>. Most, on average, were reduced 20-25%.
> c. Some projects are modified in order to compromise in the litigation that follows local action.
>
> Accordingly, <u>it is entirely speculative to assign an as of right density to a proposed development under Chapter 40B, or to assume that the project would be approved by the ZBA</u> or by the Housing Appeals Committee (HAC).
>
> As to HAC, I am aware of at least twenty decisions of the agency upholding the local denial of a comprehensive permit.

Id. (emphasis added).

The Trust proposes to offer as evidence a one page summary of approved and pending Chapter 40B projects for the period 1999 through 2005 prepared by the Wareham Zoning Board of Appeals. See Plaintiff's Proposed Exhibit V (attached hereto as **Exhibit 2**). This summary shows that a 40 Unit residential project with 10 affordable units on a five (5) acre parcel that was approved only 70 days after the date of taking. The summary further shows that the Town of Wareham has, in fact, approved the majority of 40B projects it has reviewed since 1999. Thus, the statistical information is relevant because the document is probative of the likelihood that the

---

[1] The Town also disputes that the 40B project could be built due to the presence of wetland resource areas, such as salt marsh, on the Premises. However, for purposes of this Opposition, the Trust solely focuses on the Town's argument that the 40B project could not be the highest and best use because it is too speculative from a permitting perspective.

Trust's proposed development would have received the approval of the Wareham Zoning Board of Appeals at or about the date of taking.

Not only is this evidence necessary to rebut the expected testimony of the Town's zoning expert, but it is also relevant to and probative of the very analysis that the jury is expected to make regarding a proposed, but un-permitted use. In eminent domain cases,

> the fact that a potential use is prohibited or restricted by law at the time of the taking does not preclude its consideration if there was a reasonable prospect of rezoning or acquiring a special permit. [citations omitted] Property must not, however, be valued as if a needed governmental approval were an accomplished fact. Rather, the trier of fact should consider possible uses not yet approved 'with discounts for the likelihood of their being realized and for their futurity.'

Douglas Envtl. Assocs., Inc. v. Dept. of Envtl. Prot., 429 Mass. 71, 76 (1999). Thus, the jury must be allowed to consider the likelihood that the Trust's proposed development would be approved, and to do this evidence of past approvals (particularly those similar in scale to the Trust's proposal) must be available for consideration. In fact, it is the Trust's burden to present evidence tending to show, judging from past experience in similar situations, that a permit would probably be granted by the board of appeals. See Skyline Homes, Inc. v. Commonwealth of Massachusetts, 362 Mass. 684687-688 (1972) (use of site for sale of loam not permitted for consideration by jury where petitioner did not present evidence showing tending to show that that permit would probably have been granted for proposed use). Thus, the statistical information is relevant and should be admissible at trial. The jury should be able to weigh all of the evidence when determining whether the 40B project is the highest and best use of the Premises, not just the opinions of the Town's expert and documentary evidence generated by the Town itself must be admitted at trial.

The sole argument offered by the Town to exclude the proposed statistical information is on the grounds that the evidence is duplicative, since the Town has stipulated that it is below the

3

minimum threshold of affordable housing under M.G.L. c.40B. The argument misperceives the purpose of the evidence. The Trust is seeking to introduce the statistical information to support its argument that there is likelihood that the proposed development is a feasible highest and best use based on the Town's prior approval of similar projects. The evidence is not duplicative. The evidence is not offered to show the absolute quantum of affordable housing units in Wareham, but rather, to show the number of 40B projects sought to be permitted in Town, the size of those projects relative to the Trusts proposed highest and best use and how those projects have faired in the permitting arena.

## **CONCLUSION**

Based on the foregoing, this Court should <u>deny</u> the Town's motion in limine to exclude testimony and evidence concerning the Town of Wareham M.G.L. c.40B statistics, and allow Plaintiff's Proposed Exhibit V to be offered into evidence at trial.

Date: 3/6/2007

Plaintiff,
BARBARA DEIGHTON HAUPT, Trustee
of BD REALTY TRUST,
By her attorneys,

　/s/ Kristen M. Ploetz　
Jeffrey T. Angley, Esq.
B.B.O. #543958
Kristen M. Ploetz, Esq.
B.B.O. #654549
Phillips & Angley
One Bowdoin Square
Boston, MA 02114
(617) 367-8787

4

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 6th day of March, 2007.

                                                     /S/ Kristen M. Ploetz\_\_\_\_\_
                                                      Kristen M. Ploetz, Esq.

L:\Ditn002\Motions in limine\opp.exclude.40B.doc

**EXHIBIT 1**



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11745RWZ

| | |
|---|---|
| BARBARA DEIGHTON HAUPT, Trustee of BD REALTY TRUST,<br><br>　　Plaintiff<br><br>v.<br><br>TOWN OF WAREHAM acting by and through the BOARD OF SELECTMEN OF THE TOWN OF WAREHAM, and the BOARD OF SELECTMEN OF THE TOWN OF WAREHAM,<br><br>　　Defendant | |

## AFFIDAVIT OF MARK BOBROWSKI

I. Witness

　　Mark Bobrowski
　　Blatman, Bobrowski & Mead, LLC
　　9 Damon Mill Square
　　Suite 4A4
　　Concord, MA 01742

II. Introduction

　　The opinions expressed and information provided are submitted by Attorney Mark Bobrowski of the Blatman, Bobrowski & Mead, LLC on behalf of the defendants, Town of Wareham acting by and through the Board of Selectmen of the Town of Wareham and the Board of Selectmen of the Town of Wareham.

III. Witness Qualifications

A. Background

　　Mark Bobrowski is an attorney concentrating in land use law. He has worked with dozens of cities and towns in Massachusetts to prepare zoning ordinances and by-laws, advise municipalities with regard to proposed development, and

1

serves as special municipal counsel where required. He has been involved with approximately 100 comprehensive permits as special counsel or facilitator for the Massachusetts Housing Partnership Fund. He is the author of the Handbook of Massachusetts Land Use and Planning Law, 2nd edition, 2002.

Mr. Bobrowski has since 1986 also served as a full-time professor at the New England School of Law in Boston, where he teaches Property, Land Use law, and Administrative Law.

A brief edition of Mark Bobrowski's professional resume is attached as Exhibit 1 and a description of his experience is attached as Exhibit 2.

B. **Compensation to be Paid to Witness for Study and Testimony**

Mr. Bobrowski has been retained by the Town of Wareham, MA based on a proposal for services dated June 29, 2006. That proposal provides for the following compensation:

Fees for Basic Services will be billed on a Time and Materials basis and has been estimated to be $6,800.00 for Phases I to III of project services.

| | |
|---|---|
| Phase I—Research: | $2,000.00 |
| Phase II—Analysis/Conceptual Development Analysis: | $2,000.00 |
| Phase III – Trial Preparation: | $2,800.00 |
| | $6,800.00 |
| Phase IV – Expert Testimony: | Hourly Rate |

Mr. Bobrowski's billing rate for expert testimony in court is $400.00 per hour.

C. **Listing of Other Cases in Which the Witness has Testified as an Expert at Trial or Deposition Within the Preceding Four (4) Years**

Madison v. Madison, Dukes County Probate Court (1996). Testified to the extent of the "marital estate" where lot was assemblage on nonconforming parcels.

D. **List of Publications Authored by the Witness Within the Last Ten (10) Years**

*Handbook of Massachusetts Land Use and Planning Law*; Aspen (2nd ed. 2002); supplemented annually.

2

"Affordable Housing v. Open Space: A Proposal for Reconciliation," Boston College Environmental Affairs Law Review, (2003)

"Reform of the Zoning Act," Suffolk Univ. L. Rev. (2001).

"The Zoning Act's 'Person Aggrieved' Standard: From Barvenik to Marashlian," 18 Western New England L. Rev. 385 (1996).

"Local Protection of the Scenic Landscape," 22 Boston College Environmental Affairs Law Review 697 (1995).

IV. **Statement of Opinions**

The facts as I understand them are as follows. The Town of Wareham, MA, is the owner of 5.35-acres of waterfront property (the "site") bordering the tidal portion of the Wareham River in the Swifts Beach section of Wareham, MA. The site in question is identified on the Town of Wareham's Assessor's Map, Plat 50B as comprised of Lots B-1, E and an unnumbered lot with a street address of 200 Swifts Beach Road, Wareham.

It is my understanding that on December 31, 2003, the Town recorded an Order of Taking in the Plymouth County Registry of Deeds related to the subject property ("the taking"). On August 23, 2005, BD Realty Trust filed a Complaint and Jury Claim in United States District Court, District of Massachusetts. This matter is identified as:

Barbara Deighton Haupt, Trustee, BD Realty Trust v. Town of Wareham et al. U.S. District Court for the District of Massachusetts, Civil Action No.: 05-11745RWZ.

It is my understanding that the action filed by the Plaintiff alleges at Count 1 that the taking by Eminent Domain was made in bad faith and was merely a taking for the benefit of local abutters, including one or more Selectmen and their families to prevent BD Realty Trust from constructing a two-family residence on the property. It is my further understanding that the action filed alleges at Count 2 that there should be an assessment of damages because the Trust was deprived of its land and property which it alleges were of great value based on its assertions as to the highest and best uses of the site.

Based on my assessment and review I have determined that:

1. With regard to Count 1, I have not been asked to make a finding.

3

2. With regard to Count #2, I have determined that the action filed alleges that there should be an assessment of damages because the Trust was deprived of its land and property which were allegedly of great value.

This allegation is based on the presentation of two alternatives that plaintiff's engineer developed for site use. The two development alternatives identified by the plaintiff for use of the site were:

- Two elevated buildings providing a total of 40 residential condominium units, driveways and parking for 90-vehicles under the provisions of Chapter 40B (Concept 1); and

- Driveways and parking for 120-vehicles as part of a beach club use (Concept 2).

My opinion is limited to the Chapter 40B assertions.

**Chapter 40 B Residential Condominium Project**

The plaintiff has proposed the construction of two (2) elevated buildings providing a total of 40 residential condominium units, driveways and parking for 90-vehicles under the provisions of Chapter 40B as an example of a potential highest and best use of the site.

I have evaluated the proposed Chapter 40B residential condominium use proposed by the plaintiff and determined that this project is entirely speculative as to the feasibility of permitting and development. I make this finding based upon the following:

1. 760 CMR 31.01 states:

(1) To be eligible to submit an application for a comprehensive permit or to file or maintain an appeal before the Committee, the applicant and the project shall fulfill the following jurisdictional requirements:

(a) The applicant shall be a public agency, a non-profit organization, or a limited dividend organization.

(b) The project shall be fundable by a subsidizing agency under a low and moderate income housing subsidy program.

(c) The applicant shall control the site.

To my knowledge, only the requirement of site control has been satisfied at this time.

In order to satisfy the "subsidy" requirement of subsection (b), application must be made to a qualified entity which administers an eligible Chapter 40B housing program pursuant to the eligible 760 CMR 30.02(k) and 31.04(1)(a). The determination by such qualified entity to issue or deny a site eligibility letter is entirely within its discretion. Indeed, I have worked for towns on at least two occasions when the application has been so denied. The Superior Court has ruled that such discretion is not subject to judicial review. Thus, it is speculative that this jurisdictional prerequisite can be met.

2. Chapter 40B requires the issuance of a comprehensive permit by the local Zoning Board of Appeals (ZBA). Pursuant to G.L. c. 40B, s. 23, in order to deny the proposed development, the ZBA must render a decision that is "reasonable and consistent with local needs." In the case of the approval of an application with conditions and requirements imposed, the ZBA must ask "whether such conditions and requirements make the construction or operation of such housing uneconomic and whether they are consistent with local needs."

These standards provide the ZBA with considerable discretion. A comprehensive permit is not available as of right. Instead, the ZBA balances the need for the affordable housing against the impact the proposed development will have on the environment, public health and safety, open space, and other statutory local concerns.

In my experience, this discretion is exercised in several ways:

a. Some projects are denied.

b. Some projects are reduced in density. Of the 100 projects I have witnessed, very few have been approved at the level of density proposed in the application. Most, on average, were reduced 20-25%.

c. Some projects are modified in order to compromise in the litigation that follows local action.

Accordingly, it is entirely speculative to assign an as of right density to a proposed development under Chapter 40B, or to assume that the project would be approved by the ZBA or by the Housing Appeals Committee (HAC).

3. As to the HAC, I am aware of at least twenty decisions of the agency upholding the local denial of a comprehensive permit.

5

4. Finally, it is important to note that Chapter 40B does not supersede state or federal regulations pertaining to water supply, wastewater, highway access permits, stormwater management, wetlands alterations, coastal zones, building codes, sanitary codes, fire regulations, and environmental permitting programs like MEPA. MEPA may require extensive traffic mitigation.

Submitted under the pains and penalties of perjury this 30th day of June, 2006

_____
Mark Bobrowski

6

**EXHIBIT 2**

## TOWN OF WAREHAM ZONING BOARD OF APPEALS
### 40B PROJECTS APPROVED AND PENDING

| Petition | Street Address | Developer | Mailing address | contact person | Telephone | Total Units | 40B Units | Disposition |
|---|---|---|---|---|---|---|---|---|
| 24-03 | "Cromesett Landing" Camardo Drive | Wanco Managmnt | Mattapoisett Wareham Housing | Watie Akins | 508-295-8031 | 36 Single Fam 2 bdrm | 9 Lottery | granted 1/16/04 compre permit |
| 48-02 | Swifts Beach Road | Champion Builders | 300 Oak St Pembroke, MA | Matt Dacey | 781-826-3800 | 6 Single Fam 2 bdrm | 2 Lottery | granted 2/21/03 compre permit |
| 14-04 | 425 Main Street | Champion Builders | 600 Oak St Pembroke | Matt Dacey | 781-826-3800 | 8 - 2/4 Unit Townhouses | 2 55+ Lottery | granted 8/10/04 compre permit |
| 13-04 | 68 Fearing Hill Road | Champion Builders | 600 Oak ST Pembroke | Matt Dacey | 781-826-3800 | 7 - 2 bdrm free standing units | 2 Lottery | granted 8/10/04 compre permit |
| 30-03 | Carleton Place Locust Street | Carleton Street LLC Pacor | 110 Hedges Pond Rd Plymouth | Pat Mulligan Atty Devin | 781-982-2400 | 40 duplex/ quadplex 3 bdrm | 10 Lottery | granted 3/11/04 compre permit |
| 15-99 | Avenue A Oakdale Heights | Access Partners Dev | 49 Locust St Falmouth | John Druley | | 16 Single Fam | 4 Lottery | granted 07/14/99 |
| 002-05 | Brown Street | Rock Marsh LLC Pacor | 110 Hodges Pond Rd Plymouth | Atty Devin | 781-982-2400 | 40 2 bdrm duplex. | 10 40+ restrict | continued 5/25/2005 |
| 003-04 | Onset Avenue The Fairways at Bay Pointe Country Club | Onset Partners LLC | 110 Hodges Pond Rd Plymouth | Bob Gunnarson Atty Devin | 508-759-8803 781-982-2400 | 114 quadplex | 29 | continued 4/27/2005 |
| 001-05 | 2701 Cranberry Hwy Cranberry Court "Agawam Green" | Cranberry Court LLC | PO Box 311 Amesbury | Micheal Shane Lyman Louis | 978-375-3727 | 48 -1&2 bdrm Single Fam | 14 Lottery | continued 3/9/2005 |
| 53-03 | Hunter Avenue Hunter Estates | Conerstone Prop | 7 Herring Pond Rd Plymouth | Brian Hupp | | 12 Single Family | 5 | In denied/appeal 4/12/2004 |