UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05-11745RWZ

BARBARA DEIGHTON HAUPT, Trustee )
of BD REALTY TRUST,                            )
                    Plaintiff                          )
                                                             )
v.                                                          )
                                                             )
THE TOWN OF WAREHAM acting by   )
and through the BOARD OF                  )
SELECTMEN OF THE TOWN OF         )
WAREHAM, and the BOARD OF         )
SELECTMEN OF THE TOWN OF         )
WAREHAM,                                        )
                    Defendants                       )

**<u>PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO EXCLUDE
ANY AN ALL TESTIMONY AND EVIDENCE OF A LEASE AGREEMENT BETWEEN
BRUCE SAUVAGEAU AND BD REALTY TRUST</u>**

Now comes the Plaintiff, Barbara Deighton Haupt, Trustee of BD Realty Trust ("the

Trust"), and opposes Defendants' Motion in Limine to Exclude Any and All Testimony and

Evidence of a Lease Agreement Between Bruce Sauvageau and BD Realty Trust.  For reasons,

the Trust states as follows.

**<u>ARGUMENT</u>**

I.       <u>Evidence of the Lease Agreement is Relevant to the Underlying Issue of the Site
         Conditions Existing at the Premises Near the Date of Taking</u>.

The lease agreement entered into between the Trust and Bruce Sauvageau ("Sauvageau")

states that the purpose of the lease was for "renting the parking lot space, as per attached plan,

part of the contiguous land called the swift's beach parcel owned by BD Realty Trust."  <u>See</u>

Plaintiff's Proposed Exhibit N (copy attached hereto as **Exhibit 1**).   The lease was entered into

on May 23, 2001, approximately two and a half years before the Town took the Premises by

1

eminent domain.  Sauvageau entered into the lease in his individual capacity, and not on behalf of the Town.

One of the underlying factual issues in the case will be for the jury to determine the scope and extent of wetland resource areas that existed on the Premises on the date of taking in December 2003.  This inquiry is central to the case because it will determine what use(s) could have been made of the Premises for purposes of determining the fair market value of the highest and best use of the Premises.  The Trust will introduce evidence at trial that the area shown as "existing parking lot" on the Vautrinot Plan was not salt marsh on the date of taking, thereby allowing the development of the area as a beach club or M.G.L. c. 40B residential use.  The Town disputes the Trust's wetland resource area delineations, and argues that the area shown as "existing parking lot" was salt marsh, thereby precluding any development in that area.

Although both parties retained wetlands experts to opine about the wetland resource areas that likely existed at the Premises on the date of taking, neither of the parties' experts were able to physically observe the Premises until approximately two or more years after the date of taking.  As a result, it is imperative that any and all documentary evidence that is contemporaneous with or near the date of the taking—such as photographs, plans, videos and the lease—be available for the jury to consider in their analysis of what wetland resource areas likely existed on the date of taking.  Not only do the physical site characteristics that are described on these types of exhibits provide valuable information as to the site conditions existing on the date of taking, but the uses that were being made are also indicative of the site conditions at that time.   The lease agreement, with its explicit reference to the use of a portion of the Premises as an active parking lot, is additional evidence that the jury should be allowed to consider.  In fact, the Trust's reliance on the lease agreement is no different from the so-called Vautrinot Plan (that shows the

limit of parking area) that the Town relies on to argue that the parking area was salt marsh on the date of taking simply because the plan had, as required by the Wetlands Protection Act regulations, incorporated the resource area delineation of the ORAD Plan approved by the Wareham Conservation Commission.  Both the lease and the Vautrinot plan comment on or show to arguably varying degrees of accuracy, what the prevailing conditions were at the site and the jury should be allowed to weigh the significance of <u>all</u> these documents when determining the wetland resource areas that existed on the Premises on the date of taking.

Moreover, the plan attached to the lease indicates the boundary of the area that was to be leased for parking, and therefore provides further information as to the site conditions which would have allowed for such use at the time.   This is all the truer since the use made by the lessee would, in the Town's view, have violated the Wetlands Protection Act.  Thus, the fact that such use went undisturbed by the Town when Sauvageau, the Trust and prior owners used it as a parking lot is evidence that the jury may weigh in determining the physical nature of the property.  The lease and the uses related to that lease are relevant to the underlying factual inquiry at issue because it has a tendency to make the determination that the area was <u>not</u> salt marsh more probable given the underlying use of the Premises as a parking lot, and therefore the lease and related evidence of the use of the site as a parking lot during the term of the lease, should be admissible at trial.

II.    <u>The Trust Is Not Seeking to Admit the Lease On the Basis that It Was Entered Into By Sauvageau</u>.

Despite the Town's arguments to the contrary, the Trust does not seek to introduce the lease in order to suggest that the Town was somehow involved in the leasing or use of the site as a pay and park beach parking lot.  Nor does the Trust seek to offer the lease on the basis that it was entered into by Sauvageau, who happened to be a Selectman at the time the Premises were

taken by eminent domain.  In fact, Sauvageau was not a Selectman at the time he entered into the

lease.  Moreover, he signed the lease in his individual capacity and not on behalf of  the Town.

The Trust should not be barred from introducing a relevant document solely because there once

was a claim (which the Trust has since dismissed) that one or more members of the Wareham

Board of Selectmen acted in bad faith when taking the Premises by eminent domain, and there

was a lease for the Premises entered into by one of those Selectman.  To exclude the document

on this basis would be unfairly prejudicial to the Trust and for a reason wholly unrelated to the

purpose for which the lease will be offered as evidence.


### CONCLUSION

For the foregoing reasons, this Court should deny Defendants' Motion in Limine to

Exclude Any and All Testimony and Evidence of a Lease Agreement Between Bruce Sauvageau

and BD Realty Trust, and allow the Trust to introduce the lease and related testimony as

evidence at trial.

|  |  |
|---|---|
|  | Plaintiff, |
|  | BARBARA DEIGHTON HAUPT, Trustee |
|  | of BD REALTY TRUST, |
| Date:   3/6/2007 | By her attorneys, |
|  |  |
|  | __/s/ Kristen M. Ploetz_____ |
|  | Jeffrey T. Angley, Esq. |
|  | B.B.O. #543958 |
|  | Kristen M. Ploetz, Esq. |
|  | B.B.O. #654549 |
|  | Phillips & Angley |
|  | One Bowdoin Square |
|  | Boston, MA 02114 |
|  | (617) 367-8787 |

<u>CERTIFICATE OF SERVICE</u>

     I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 6th day of March, 2007.

                                      _____/S/ Kristen M. Ploetz_____
                                        Kristen M. Ploetz, Esq.

L:\Ditn002\Motions in limine\opp.exclude.lease.JTA.doc

**EXHIBIT 1**

PL 4
p.1

LEASE AGREEMENT;  Parking Lot Area for 2001 Season.

This land lease is between BD Realty Trust, Landlord and Bruce Sauvageau, tenant for the purpose of renting the parking lot space, as per attached plan , part of the contiguous land called the swift's beach parcel owned by the BD Realty Trust.

Access will be the first gate, the rent shall be fixed at $2,200 paid in three equal installments, on June 1st, July 1st, and August 1st.  The rental period shall be between May 25th, 2001 to September 9th, 2001.  Tenant shall comply with all governmental agency rules and regulations.

Parking lot patrons shall have access to the beach area owned by landlord.  The landlord(s), it's assignee's, representatives & guests shall have full access to the parking lot area without fee.and provide monitoring during "open" hours.
TENANT TO 15/15

Tenants agree to maintain the area in a clean manner.  Tenant maintains a liability coverage of $1,000,000 running with a commercial policy.  Landlord shall be named as co-insured, BD Realty Trust, Robert H. Deighton, Jr. and Barbara Deighton individually. Liability is for the parking lot area, as designated.

Access and collection area shall not interfere with the landlord's construction trailer, parking or occupying motor home or trailer.

Signed & agreed to by the parties this date of May 23rd, 2001.

X _____ , Trustee    5/23/01
   BD Realty Trust
   P.O. Box 878
   Marion, MA 02738

X _____    5/23/01

   Bruce Sauvageau
   188 Swifts Beach Road
   Wareham, MA 02571

