UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11745RWZ

BARBARA DEIGHTON HAUPT, Trustee of
BD REALTY TRUST,

    Plaintiff

v.

TOWN OF WAREHAM acting by and
through the BOARD OF SELECTMEN OF
THE TOWN OF WAREHAM, and the
BOARD OF SELECTMEN OF THE TOWN
OF WAREHAM,

    Defendants

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION *IN LIMINE* TO
BAR EVIDENCE OF ASSESSED
VALUES OF THE PREMISES

Plaintiff's motion in limine to bar evidence of the assessed value of the premises should be denied because it is contrary to the explicit statutory directive of M.G.L. c. 79, § 35. That section, which governs eminent domain takings by municipalities in Massachusetts, provides:

> "The valuation made by the assessors of a town for the purposes of taxation for the three years next preceding the date of the taking of or injury to real estate by the commonwealth or by a county, city, town or district under authority of law may, in proceedings, brought under section fourteen to recover the damages to such real estate, the whole or part of which is so taken or injured, be introduced as evidence of the fair market value of the real estate by any party to the suit..." M.G.L. c. 79, § 35.

That statute further requires:

> "provided, however, that if the valuation of any one year is so introduced, the valuations of all three years shall be introduced in evidence; and provided, further, that no such valuation shall be so introduced as such evidence unless within the five years preceding such taking or injury there has been a comprehensive revaluation of the real estate of the town and

the valuation or valuations sought to be introduced are valuations assessed after such comprehensive revaluation." Id.

The Town intends to introduce the assessed value of the premises in full compliance with the requirements of the above cited statute. For the year 2003 the assessed value of the premises was $259,200. The assessed value for years 2000-2002 was $177,000. In 1999 the assessed value was $48,500. A comprehensive revaluation of the real estate of the town was undertaken in years 2003 and 2000. These assessed values were known to the Plaintiff as they were utilized for purposes of property taxation. This information was also publicly available from the Town's Assessing Department.

By arguing that the assessed value is inadmissible because it is not indicative of "fair market value" plaintiff is asking the court to ignore the express provisions of the statute. Where the legislature has made it clear that such evidence is relevant, the courts are not authorized to ignore this legislative judgment. See e.g. Garcia v. Cecos Intern. Inc., 761 F. 2d 76, 81(1st Cir. 1985). It is not unexpected that the purchase price, pro tanto payment, and expert valuations differ from each other and from the assessed value. The point of this case is for a fact finder to evaluate and weigh differing valuation evidence and arrive at a determination of fair market value. The assessed value is evidence that will assist the jury in making this determination. This evidence should not be excluded simply because it is more favorable to Defendants' position on fair market value than the position taken by Plaintiff's expert.

It is also a gross misstatement on the part of the Plaintiff to argue that, "It is common knowledge that real estate is bought and sold at prices far exceeding the value assessed by the municipality." In fact, in recent years it has been reported that many

properties in the Boston area are selling for below assessed value. Kimberly Blanton, *Priced below assessment 'In declining market, buyer interest grows when sellers ask less than valuation,'* The Boston Globe (September 7, 2006). The goal of assessments is to accurately quantify the value of property for taxation purposes, and is reasonable to expect that although not always, at many times and in many cases, they will accurately reflect fair market value. In any event, Plaintiff will have the opportunity at trial to introduce evidence and cross examine witnesses as to the relationship between assessed value and fair market value.

Finally, Plaintiff's argument that it is prejudiced because the Town did not provide these values during discovery is without merit. The Plaintiff was already intimately aware of these values by virtue of paying property tax based on them during its ownership of the property, and the values were publicly available at anytime from the assessor's office.

Defendants,
By their attorneys,

Richard Bowen (BBO# 552814)
Jeffrey T. Blake (BBO# 655773)
Kopelman and Paige, P.C.
101 Arch Street
Boston, MA 02110-1109
(617) 556-0007

3088822/3100/0224