UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11745RWZ

BARBARA DEIGHTON HAUPT, Trustee of
BD REALTY TRUST,

    Plaintiff

v.

TOWN OF WAREHAM acting by and
through the BOARD OF SELECTMEN OF
THE TOWN OF WAREHAM, and the
BOARD OF SELECTMEN OF THE TOWN
OF WAREHAM,

    Defendants

DEFENDANTS' MOTION FOR
JUDGMENT AS A MATTER OF LAW

    Now come the defendants (the "Town") pursuant to Fed.R.Civ.P. 50(a) and hereby move for the entry of judgment as a matter of law on all counts contained in the Complaint because the plaintiff has failed to meet her burden of proof. For reasons therefor, the Town states as follows.

    The plaintiff is judicially estopped from presenting evidence of wetland resource delineation at the subject property that contradicts evidence presented when plaintiff requested a superseding order of conditions from the Massachusetts Department of Environmental Protection. The doctrine of judicial estoppel or preclusion of inconsistent positions prevents a litigant from pressing a claim that is inconsistent with a position taken by that litigant either in a prior legal proceeding or in an earlier phase of the same proceeding. Patriot Cinemas, Inc. v. Gen. Cinema Corp., 834 F.2d 208, 212 (1st Cir. 1987); see also Intergen N.V. v. Grina, 344 F.3d 134, 144 (1st Cir. 2003) and cases cited. This circuit recognizes the doctrine. Id. The doctrine of judicial estoppel is invoked in

1

those situations where "a party has adopted one position, secured a favorable decision, and then taken a contradictory position in search of legal advantage." See id. "Unlike the doctrine of issue preclusion, judicial estoppel does not require that the issue have been actually litigated in the prior proceeding. Thore v. Howe, 466 F.3d 173, 181 (1st Cir. 2006).

In this matter, this Court should invoke the doctrine of judicial estoppel and exclude any and all evidence presented by the plaintiff that would contradict the wetland resource delineation contained in the plan submitted to the DEP and relied upon by the plaintiff in receiving and defending the issuance of a Superseding Order of Conditions ("the Vautrinot Plan"). It is clear that plaintiff has adopted the position that the Vautrinot Plan was an accurate depiction of the wetland resource areas in order to gain approval for the construction of a duplex on the subject property from the Department of Environmental Protection. Yet now, when plaintiff is attempting to litigate this eminent domain case and stands to reap significantly more compensation if the Vautrinot Plan is not accurate, plaintiff takes the position that the Vautrinot Plan is not accurate.

On the one hand, plaintiff relied upon the Vautrinot Plan when it was convenient and would benefit her, but quickly abandons her position when the plan would no longer provide her with the maximum benefit. The doctrine of judicial estoppel is "designed to ensure that parties proceed in a fair and aboveboard manner, without making improper use of the court system" and should be invoked in this matter Id. citing New Hampshire v. Maine, 532 U.S. 742, 749-750 (2001). Accordingly, this Court should find that as a matter of law, plaintiff cannot now attempt to argue that the Vautrinot Plan is inaccurate. See Patriot Cinemas, Inc. v. Gen. Cinema Corp., 834 F.2d 208, 212 (1st Cir. 1987).

Since plaintiff has failed to provide any competent evidence from which a reasonable jury could find that the conditions at the site had changed from the time of the plaintiff's last filing with the DEP to the time the property was taken this Court should find that as a matter of law the plaintiff's proposed highest and best use of the property (a non-profit beach club) would not be permissible because the proposed project would be located in various wetland resource areas.

Further, with respect to plaintiff's second highest and best use of the property, a residential lot, plaintiff has failed to demonstrate the method used to arrive at a valuation is reliable. Plaintiff's appraiser admitted at trial that he was not familiar with the comparable properties used to arrive at a valuation. This lack of familiarity renders plaintiff's expert's opinion suspect and unreliable. Therefore, plaintiff has failed to provide any competent evidence from which a reasonable jury could utilized in arriving at a value for the use of the subject property as a residential lot.

Finally, the plaintiff failed to meet her burden with respect to her first proposed highest and best use of the property (a non-profit beach club) by producing any evidence of the fair market value of the properties she relied upon as comparable because she failed to establish that the transactions relied upon were conducted in an assumed free and open market. Plaintiff presented no evidence that the sales relied upon to arrive at a value for the beach club were arm's length transactions. Plaintiff's appraiser admitted he did not speak to any of the buyers or sellers involved in the transactions to determine if the sales were arm's length transactions. Plaintiff's appraiser admitted that he failed to review any restrictions placed upon the subject properties which could have rendered the

3

sales invalid.  Accordingly, plaintiff has failed to properly support any claimed valuation of the proposed non-profit beach club.

  WHEREFORE, for the above stated reasons this Court should enter judgment as a matter of law in favor of the defendants.

                Defendants,

                By their attorneys,

                _/s/ Jeffrey T. Blake_____
                Richard Bowen (BBO# 552814)
                Jeffrey T. Blake (BBO# 655773)
                Kopelman and Paige, P.C.
                101 Arch Street
                Boston, MA  02110-1109
                (617) 556-0007

312428/WARH/0224