UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11745RWZ

BARBARA DEIGHTON HAUPT, Trustee of
BD REALTY TRUST,

       Plaintiff

v.

TOWN OF WAREHAM acting by and
through the BOARD OF SELECTMEN OF
THE TOWN OF WAREHAM, and the
BOARD OF SELECTMEN OF THE TOWN
OF WAREHAM,

       Defendants

DEFENDANTS' PROPOSED JURY
INSTRUCTIONS

The defendants respectfully submit to the Court the attached proposed jury instructions, and requests that the jury be instructed accordingly.

DEFENDANTS

By their attorneys,

 /s/ Jeffrey T. Blake
Richard Bowen (BBO# 552814)
Jeffrey T. Blake (BBO# 655773)
Kopelman and Paige, P.C.
 Town Counsel
101 Arch Street
12th Floor
Boston, MA 02110-1109
(617) 556-0007

Date: _____

310874v2/WARH/0224

## DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 1

This case should be decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations of life. A municipality is entitled to the same fair trial as a private individual. For the purpose of your deliberations, it makes no difference, and you should not consider that the Town of Wareham is a governmental entity. The Town is entitled to rely upon its legal rights to the same extent as any individual person.

## DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 2

You, the jurors, are the sole judges of the credibility or believability of the witnesses in this case and the weight their testimony deserves.  Your determination may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given or by contrary evidence to the testimony given.  You may consider the relation each witness may bear to either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

## DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 3

If you find a witness has testified falsely as to a portion of his or her testimony, you may take this into account in determining the credibility of the remainder of his or her testimony and you may reject all the testimony.

**DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 4**

The fact that a number of witnesses testifies to the same fact does not require that their testimony be believed.

**<u>DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 5</u>**

Ordinarily, witnesses are not permitted to testify as to their opinions or conclusions.  An exception is made, however, for witnesses who qualify as "experts" on particular subjects.  An expert witness is a person who, by education or experience or training, has become expert in some particular subject.

**<u>DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 6</u>**

There is no obligation for you to believe an expert witness merely because that person is an expert witness.  Expert opinion must be based on either the expert's direct personal knowledge or on evidence in the records.  It cannot be based on conjecture or surmise.  You may accept an expert's testimony and give it such weight as you think it deserves.  If you decide that the reasons given for any expert's opinion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion and other testimony of the expert.  <u>Sears, Roebuck Co. v. Penn Central Co.</u>, 420 F.2d 560, 564 n.7 (1st Cir. 1979).

## DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 7

Article X of the Constitution of Massachusetts states that "whenever the public exigencies require that the property of any individual should be appropriated to public uses, he shall receive a reasonable compensation therefor."  The constitutional requirement is the payment of reasonable compensation for that which was taken.

**<u>DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 8</u>**

In its determination of reasonable compensation, the jury is to consider the fair market value of the property at the time of the taking.  <u>Correia</u> v. <u>New Bedford Redevelopment Authority</u>, 375 Mass. 360, 361 (1978); <u>Tigar</u> v. <u>Mystic River Bridge Authority</u>, 329 Mass. 514, 517 (1952).  Fair market value is defined as the price a hypothetical willing buyer will pay to a hypothetical willing seller in an assumed free and open marketplace.  <u>Epstein</u> v. <u>Boston Housing Authority</u>, 317 Mass. 287 (1944); <u>Maher</u> v. <u>Commonwealth</u>, 219 Mass. 343 (1935).

**DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 9**

You are instructed that you are not to let your determination of fair market value be affected by the time that has passed since the land was taken. You may know that there was a payment made by the Town at the time the property was taken. This proceeding is to determine whether that payment actually reflected the fair market value and you are not to draw any conclusion one way or another from the fact the proceeding was brought.

**DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 10**

You should not impose any experience regarding the inflation or deflation we have seen in the past few years upon the value of the property in question.  We are only interested in determining the value of the property at the date and time of its taking, which was December 31, 2003.  The time of the taking is the date of the recording of the order of taking, not the time of the trial and verdict in eminent domain proceedings.  <u>Burt</u> v. <u>Merchants' Insurance Co.</u>, 115 Mass. 1, 11 (1874).)

In arriving at a fair market value as of the date of the taking, you are not to concern yourself with interest that may have accrued since that date.  That is the province of the court, not the jury.

**<u>DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 11</u>**

The burden of proof is on the plaintiff to prove her right to the alleged damages by a preponderance of the evidence.  <u>Sexton</u> v. <u>North Bridgewater</u>, 116 Mass. 200, 207 (1874).

**<u>DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 12</u>**

You cannot be governed by sympathy or prejudice or any motive whatsoever
except a fair and impartial consideration of the evidence, and therefore you must not allow any
sympathy you may have for any party to influence you in any degree whatever in deciding
whether the plaintiff has sustained his burden of proof.

**<u>DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 13</u>**

      The value of the property must not be enhanced by reason of the frustration of the owner's plans with respect to the property taken and the value of the property is not enhanced because of the owner's intended use.  <u>Pinkham</u> v. <u>Chelmsford</u>, 109 Mass. 225 (1872).

**DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 14**

The hypothetical seller and buyer are presumed to be intelligent and knowledgeable of all the facts and circumstances surrounding the sale of land and its value.  <u>Commonwealth</u> v. <u>Massachusetts Turnpike Authority</u>, 352 Mass. 143 (1967).

## DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 15

In determining fair market value, the jury should consider the highest and best use to which the property could be put.  <u>Ford</u> v. <u>City of Worcester</u>, 339 Mass. 657 (1959).

**<u>DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 16</u>**

In ascertaining fair market value, all of the uses to which the property was reasonably adapted may be considered.  <u>Smith</u> v. <u>Commonwealth</u>, 210 Mass. 259, 261 (1911).

**DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 17**

Whether a particular future use was likely enough to occur so as to deserve being taken into account in your determination of fair market value is a matter which must be proven by evidence by the party seeking damages.  Skyline Homes, Inc., supra, at 687; Salem Country Club, Inc. v. Peabody Redevelopment Authority, 21 Mass. App. Ct. 433, 435 (1986).

**DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 18**

You are instructed that you may not be influenced by testimony regarding far-fetched, hypothetical future uses of the property in question.  Skyline Homes, Inc., supra, at 687; Smith v. Commonwealth, 210 Mass. 259, 261 (1911).  To merit consideration, plaintiff's proposed use must not be unduly speculative.  Evidence about the details of a particular unexecuted plan or project for the use of property, as distinguished from evidence about the contribution to the then existing market value caused by the possibility of a certain type of use, is inadmissible because value would tend to be inflated by unduly detailed and speculative future uses having no direct relationship to market value on the date at issue.  Aselbekian v. Massachusetts Turnpike Authority, 341 Mass. 398, 400-01 (1960).

## DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 19

Fair market value is not the value of the property to the property owner or to the one taking the property.  See <u>Kinney</u> v. <u>Commonwealth</u>, 332 Mass. 568 (1955).

**<u>DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 20</u>**

The best indicator of the market value of the property is the sale price of the property from a recent sale of the subject property.  <u>New Boston Garden Corp.</u> v. <u>Board of Assessors of Boston</u>, 383 Mass. 456, 469 (1981).

## DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 21

In considering actual sales of property similar to the property taken, you may take into consideration the features, condition and any differences that may exist between the property sold, at the time of such sale, and the property taken, at the time just prior to the taking.

**DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 22**

You may reject from your consideration the sale of any property which you may find not to be sufficiently similar to the subject property.

**<u>DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 23</u>**

In valuing the property, you may take into consideration the price paid by the plaintiff for the subject property.

## DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 24

If adopting the land to a particular use is costly or overly burdensome, those facts must be considered in discounting the value of the property.  <u>Salem Country Club, Inc.</u> v. <u>Peabody Redevelopment Authority</u>, 21 Mass. App. Ct. 433, 436 (1986).

## DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 25

The burden of proof that the price of a "comparable sale" was arm's length i.e., fixed by fair bargaining and bidding, and not by some form of compulsion preventing the normal operation of the self-interest of the buyer and seller, is on the party offering the price. Epstein v. Boston Hous. Auth., 317 Mass. 297, 300-301 (1944).

**DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 26**

    There are three traditional approaches to valuation that have been explicitly sanctioned by

Massachusetts courts as valid indicators of value, when used in the appropriate circumstances.

Correia v. New Bedford Redevelopment Authority, 375 Mass. 360, 362 (1978).  The three

approaches are:

    The depreciation reproduction or replacement cost method—the current cost of
reproducing a property, less depreciation from deterioration and functional and economic
obsolescence;

    Income capitalization method—the value which the property's net earning power will
support, based upon a capitalization of net income; and

    Market study method—the value indicated by recent sales of comparable properties in the
market.

## DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 27

Considering the prices of comparable pieces of property on the market at approximately the same time as the taking is usually considered the best evidence of the fair market value of the property.  United States ex rel. T.V.A. v. 72.0 Acres of Land, 425 F.Supp. 929 (E.D. Tenn. 1976).

## DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 28

The following wetland resource areas are regulated under the Federal Clean Water Act,

Section 404, Massachusetts Wetlands Protection Act (M.G.L.c. 131, §40), Massachusetts

Department of Environmental Protection regulations (310 CMR 10.00 et seq.) and the Wareham

Protection Bylaw:

– coastal beach
– coastal dune
– barrier beach
– salt marsh
– bordering vegetated wetland (wet meadow)
– land under the ocean
– land subject to coastal storm flowage
– coastal wetland (federal)
– inland wetland (federal)

**DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 29**

If you find that the property is subject to environmental restrictions, the Town is not estopped from enforcing those restrictions and prohibiting development on the property simply because it did not do so before. Building Inspector of Lancaster v. Sanderson, 372 Mass. 157, 162, 360 N.E.2d 1051, 1054 (1977). Sullivan v. Chief Justice for Admin. and Management of Trial Court, 448 Mass. 15, 30, 858 N.E.2d 699, 712-713 (2006); Doris v. Police Comm'r of Boston, 374 Mass. 443, 449, 337 N.E.2d 944, 949 (1978). Frillz, Inc. v. Lader 104 F.3d 515, 518 (1st Cir 1997); see also OPM v. Richmond, 496 U.S. 414, 419 (1990); United States v. Ven-Fuel, Inc., 758 F.2d 741, 761 (1st Cir. 1985); Heckler v. Community Health Servs., 467 U.S. 51, 67 (1984) (Rehnquist, J., concurring)

The Conservation Commission, DEP, and Army Corp of Engineers regulations applicable here reflect legislative environmental and land use policies intended to protect the public. Regardless of previous enforcement, or lack thereof, these regulations must be considered in any determination of the feasibility of the proposed uses of the Premises.