UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05-11745RWZ

| | |
|---|---|
| BARBARA DEIGHTON HAUPT, Trustee of BD REALTY TRUST,<br>　　　　Plaintiff<br><br>v.<br><br>THE TOWN OF WAREHAM acting by and through the BOARD OF SELECTMEN OF THE TOWN OF WAREHAM, and the BOARD OF SELECTMEN OF THE TOWN OF WAREHAM,<br>　　　　Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO FED. R. CIV. P. 50(a)

Now comes the Plaintiff, Barbara Deighton Haupt, Trustee of BD Realty Trust, and hereby moves this Honorable Court to issue a Judgment as a matter of law that a nonprofit recreational beach club is the highest and best use of the Premises taken by eminent domain by the Defendant, Town of Wareham, on December 31, 2003, and that the fair market value of the highest and best use is $3,125,000.00. For reasons, the Plaintiff states as follows.

1. The Plaintiff is entitled to a favorable Judgment that the highest and best use of the Premises as a 250-membership, nonprofit recreational beach club, with attendant parking and clubhouse facility, with a fair market value of $3,125,000.00.

2. "Fair market value is determined on the basis of the highest and best use to which the property could reasonably be put", even if such use was not occurring on the date of taking by eminent domain. Douglas Envt'l Assoc. v. Dept. of Envt'l Prot., 429 Mass. 71, 75 (1999). See also Newton Girl Scout Council, Inc. v. Mass. Turnpike Auth., 335 Mass.

189, 193 (1956) ("All the uses to which the property is reasonably adapted may be considered.").

3. The Defendant has conceded that on the date of taking, December 31, 2003, a nonprofit recreational beach club, with attendant parking and clubhouse facility, would have been an allowed use in the R-30 District pursuant to the Wareham Zoning Bylaw.

4. The undisputed testimony is that the ratio of memberships to parking spaces for a nonprofit recreational beach club allowed under the Wareham Zoning Bylaw would be two (2) memberships per one available (1) parking space.

5. Lenore White, Plaintiff's wetlands expert, testified unequivocally that there would have been no limitations under the Massachusetts Wetlands Protection Act or the Federal Clean Water Act which would have prohibited the location and layout of a nonprofit recreational beach club as proposed by Plaintiff in her concept plans marked as Exhibits 47 and 48 at trial.

6. Steven Elliott, Plaintiff's real estate appraiser, testified that a 250-membership nonprofit recreational beach club, with attendant parking and clubhouse facility, was the highest and best use of the Premises on the date of taking.

7. The undisputed testimony of Mr. Elliott is that on the date of taking (December 31, 2003), the fair market value of a 250-membership nonprofit recreational beach club, with attendant parking and clubhouse facility, was $3,125,000.00.  The undisputed testimony of Mr. Elliott is also that on the date of taking the fair market value of a 250-membership nonprofit recreational beach club with attendant parking, but without clubhouse facility, was $2,800,000.00.

8. Plaintiff has met her burden of proof in establishing that the highest and best use of the Premises on the date of taking was as a 250-membership nonprofit recreational beach club, with attendant parking and clubhouse facility, and that the fair market value was $3,125,000.00.

9. The Defendant Town of Wareham was unable to bring forward evidence to dispute the fact that the Premises was operated as a parking lot as early as 1952, that the area used as a parking area and as delineated on a plan approved by the Commonwealth of Massachusetts Department of Environmental Protection was in existence as of the date of taking and the Town was unable to state, on its own behalf, where the limit of salt marsh was on the site at the date of taking.

10. The Town offered no independent opinion of market value for a 250-member nonprofit recreational beach club.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court allow her Motion for Judgment as a Matter of Law and enter judgment that as a matter of law that a nonprofit recreational beach club is the highest and best use of the Premises taken by eminent domain by the Defendant, Town of Wareham, on December 31, 2003, and that the fair market value of the highest and best use is $3,125,000.00.

|  |  |
|---|---|
|  | BARBARA DEIGHTON HAUPT, Trustee of BD REALTY TRUST, |
| Date:  April 13, 2007 | By her attorneys, |

 /s/ Kristen M. Ploetz
Jeffrey T. Angley, Esq.
B.B.O. #543958
Kristen M. Ploetz, Esq.
B.B.O. #654549
Phillips & Angley
One Bowdoin Square
Boston, MA 02114
(617) 367-8787

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 13th day of April, 2007.

         /S/ Kristen M. Ploetz
         Kristen M. Ploetz, Esq.