UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11745RWZ

BARBARA DEIGHTON HAUPT, Trustee of
BD REALTY TRUST,

    Plaintiff

v.

TOWN OF WAREHAM acting by and
through the BOARD OF SELECTMEN OF
THE TOWN OF WAREHAM, and the
BOARD OF SELECTMEN OF THE TOWN
OF WAREHAM,

    Defendants

DEFENDANTS' RENEWED MOTION
FOR JUDGMENT AS A MATTER OF
LAW

    Now come the defendants (the "Town") pursuant to Fed.R.Civ.P. 50(a) and hereby move for the entry of judgment declaring that the plaintiff's proposed highest and best use of the subject property is far too speculative for consideration by the jury. Specifically, the defendants request that this Court find that as a matter of law, the plaintiff has failed to provide any competent evidence from which a reasonable jury could find that the highest and best use of the subject property at the time of the taking was a non-profit beach club. For reasons therefor, the defendants state that the plaintiff has failed to demonstrate that the wetland resource areas present at the property at the time of the taking had material changed from the wetland delineations relied upon by the plaintiff in securing a Superseding Order of Conditions from the Massachusetts Department of Environmental Protection.

    At trial, the plaintiff's own witnesses have admitted that proposed beach club could not be constructed if the conditions depicted in the wetland delineations submitted to the DEP were present at the site at the time of the taking. Since plaintiff has failed to provide any

competent evidence from which a reasonable jury could find that the conditions at the site had changed from the time of the plaintiff's last filing with the DEP to the time the property was taken this Court should find that as a matter of law that the plaintiff's proposed highest and best use of the property would not be permissible.

Additionally, based on the unsubstantiated and wholly speculative nature of plaintiff's appraiser's comparable property analysis with respect to the proposed non-profit beach club, this Court should exercise its gate keeper function and exclude any and all evidence of plaintiff's appraiser's so-called comparable sales analysis. See Bailey v. United States, 325 F.2d 571, 572 (1st Cir. 1963)(stating [w]hether transactions involving other lands are . . . sufficiently similar property are . . . addressed to the sound discretion of the trial court"); see also Algonquin Gas Transmission Co. v. 60 Acres of Land, 855 F. Supp. 449 (1994); United States v. Nickerson, 2 F.2d 502 (1st Cir. 1924). Specifically, plaintiff has failed to meet her burden of demonstrating the comparable sales data presented is based on valid arm's length transactions.[1]

It is the plaintiff's burden to demonstrate that the comparable sales relied upon are valid sales of comparable properties. In meeting her burden, plaintiff must demonstrate that the sales she relied upon reflect the fair market value of the comparable properties. The definition of fair market value is "the highest price which a hypothetical, willing buyer would pay to a hypothetical willing seller in an assumed free and open market." Epstein v. Boston Housing Authority, 317 Mass. 297, 299-300 (1944)(emphasis supplied).

Here, the plaintiff failed to meet her burden by producing any evidence of the fair market value of the properties she relied upon as comparable because she failed to establish

---

[1] An arm's length transaction is a transaction between two unrelated and unaffiliated parties or a transaction between two parties, however closely related they may be, conducted as if the parties were strangers, so that no conflict of interest arises. Black's Law Dictionary (West 8th ed. 2004).

that the transactions relied upon were conducted in an assumed free and open market. Plaintiff presented no evidence demonstrating that the sales relied upon to arrive at a value for the beach club were arm's length transactions. Plaintiff's appraiser admitted he did not speak to any of the buyers or sellers involved in the transactions to determine if the sales were arm's length transactions. Plaintiff's appraiser admitted that he failed to review any restrictions placed upon the subject properties which could have rendered the sales invalid. Accordingly, plaintiff has failed to properly support any claimed valuation of the proposed non-profit beach club.

Therefore, this Court should, in its gatekeeper role, find that that any valuation regarding a non-profit beach club is as a matter of law unreliable and should enter judgment in favor of the defendant declaring that plaintiff's proposed highest and best use of the property is far too speculative to be submitted to the jury for consideration. Haufler v. Commonwealth, 372 Mass. 527, 533 (1977) (In those cases where the Court finds that the comparable sales proffered by an expert are so vastly different that each sale has "lost its probative weight as evidence . . . the jury should not be permitted to surmise or speculate as to the [alleged similarities].")

        Defendants,

        By their attorneys,

        _/s/ Jeffrey T. Blake_____
Richard Bowen (BBO# 552814)
Jeffrey T. Blake (BBO# 655773)
Kopelman and Paige, P.C.
101 Arch Street
Boston, MA  02110-1109
(617) 556-0007

313587/WARH/0224