UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11745RWZ

| | |
|---|---|
| BARBARA DEIGHTON HAUPT, Trustee of BD REALTY TRUST,<br><br>    Plaintiff<br><br>v.<br><br>TOWN OF WAREHAM acting by and through the BOARD OF SELECTMEN OF THE TOWN OF WAREHAM, and the BOARD OF SELECTMEN OF THE TOWN OF WAREHAM,<br><br>    Defendants | DEFENDANTS' MOTION FOR NEW TRIAL/REMITTITUR AND/OR MOTION TO AMEND JUDGMENT |

    Now come the defendants in the above-captioned matter, pursuant to Fed.R.Civ.P. 50 and 59(a) and (e), and hereby move this Honorable Court to reduce the jury verdict and amend the judgment in this matter to accurately reflect the evidence presented at trial, or alternatively, the defendants request that this Court grant a new trial since the amount of damages returned by the jury has no rational basis and thus allowing the verdict to stand would be a miscarriage of justice.

    As grounds for this motion, the defendants state that plaintiff's own expert opined that the value of the plaintiff's property as a residential lot was $1,200,000. The defendants' expert opined that the value of the plaintiff's property as a residential lot was $730,500. The jury found the highest and best use of the property was as a residential lot and awarded $1,550,000. Since there was absolutely no evidence presented to the jury that would support the finding of an additional $350,000 in value above the plaintiff's own expert's opinion, it is clear that the jury was confused or mislead by the evidence

1

before it when making its award. In either event, this Court should reduce the verdict to conform to the evidence presented; failure to do so will result in a miscarriage of justice and an impermissible windfall to the plaintiff. The defendants further rely upon the following Memorandum of Reasons.

MEMORANDUM OF REASONS

RELEVANT FACTS

1. This is an eminent domain case arising out of the defendants taking of plaintiff's beach front property in the Town of Wareham. Plaintiff brought this action pursuant to M.G.L. c. 79, claiming that the pro tanto awarded by the Town did not justly compensate her for the value of the taken property.

2. Plaintiff engaged Steven Elliot as an appraiser who opined that the highest and best use of the property would have been as a 250 membership non-profit beach club with an estimated value of $3,125,000.

3. Plaintiff's expert, in a preemptive strike, also opined during plaintiff's case in chief, that if the highest and best use of the property was as a residential lot, the value of the property was $1,200,000.

4. Defendants retained the services of Richard Dennis as an appraiser who opined that the highest and best use of the property was a residential lot and valued the property at $730,500.

5. The jury was charged and a special jury verdict form was submitted.

6. The special jury verdict form asked the following two questions.

> a. On December 31, 2003, what was the highest and best use of the plaintiff's property at 200 Swift's Beach Road in Wareham, Massachusetts?
> b. On December 31, 2003, what was the Fair Market Value of plaintiff's property in light of your answer to Question 1?

7.  After approximately one hour of deliberations, the jury submitted a question asking whether it could find that the highest and best use of the property would be a residential lot with additional beach parking.

8.  Defendants requested that the Court answer the jury's question in the negative; however, the Court responded to the jury in the affirmative.

9.  Approximately 45 minutes after the jury received an answer to its question, the jury found that the highest and best use of the property was a "residential duplex with beach front" with a value of $1,550,000.

10. The jury's verdict was $350,000 greater than the value presented by the plaintiff for the use of the property as a residential lot.

## ARGUMENT

The defendants now request that this Court amend the judgment in this matter by finding that the value of the plaintiff's property is consistent with her own expert's opinion of $1,200,000; thereby reducing the jury verdict by $350,000. In the alternative, the defendants request that this Court order a new trial in this matter since it is clear that the jury was confused or mislead in reaching a verdict, a verdict which is unsupported by any evidence presented at trial.

In measuring damages in an eminent domain case, the plaintiff is not allowed to make a windfall but rather "[e]minent domain is a concept of equity and fairness, and the law attempts to make the landowner whole." Portland Natural Gas Transmission System v. 19.2 Acres of Land, 318 F.3d 279, 283 (2003). Where, as here, a jury verdict is far in excess of any evidence presented to the jury, "[d]istrict courts may grant a motion for new trial or remittitur [where the jury award] 'exceeds any rational appraisal or estimate

3

of the damages that could be based on the evidence be the jury" and is "grossly excessive, inordinate, shocking to the conscience of the court or so high that it would be a denial of justice to permit it to stand." Franceschi v. Hospital General San Carlos, Inc., 420 F.3d 1, 5 (2005) quoting Davignon v. Clemmey, 322 F.3d 1, 12 (1st Cir. 2003); see also Eastern Mountain Platform Tennis v. Sherwin Williams Company, 40 F.3d 492, 502 (1994)("[T]he district court is obligated to review the evidence in the light most favorable to the prevailing party and to grant remittitur or a new trial on damages only when the award exceeds any rational appraisal or estimate of the damages that could be based upon the evidence before it.").

In this matter, the Court should reduce the jury's award of $1,550,000 to $1,200,000 because, even taking the evidence in the light most favorable to the plaintiff, there was absolutely no evidence presented that a reasonable jury could have relied upon to find that the property as a residential lot was worth $1,550,000. Undeniably, plaintiff's own expert opined that the property as a residential lot had a value of $1,200,000. There was absolutely no other evidence submitted to the jury that could support their verdict with respect to the use of the property as a residential lot, therefore, allowing the verdict to stand would be a denial of justice and would lead to a windfall for the plaintiff.

Moreover, it is apparent from the jury's excessive award that it was confused and most likely mislead by plaintiff's counsel's misstatement of the law concerning the jurisdiction of the Army Corps of Engineers. At trial, defendants argued that the property could not sustain a beach club because the proposed parking lot was subject, *inter alia*, to the jurisdiction of the Army Corps of Engineers. Plaintiff's argued that while the Army Corps of Engineers may have jurisdiction, the fact that the parking lot existed prior to

4

1968 would have a grandfathering effect and therefore, any consideration of Army Corps of Engineers jurisdiction was unnecessary. To further this claim of grandfathering, counsel for the plaintiff, purported to cite a section of the Code of Federal Regulation in support of this claim. Unfortunately, plaintiff's counsel was mistaken in reliance on said Regulation and instead of relying upon the testimony of plaintiff's experts to make the claim, counsel of the plaintiff, during closing argument, misquoted the Regulation in such a way as to support plaintiff's claim.[1]

Defendants timely objected to the misquoted Regulation and requested that the Court alert the jury to the misquoted section of the Regulation and correct the misimpression left by plaintiff's closing argument. The Court refused defendants' request and instead issued a standard instruction without reference to the plaintiff's mischaracterization of the Regulation.

After deliberating briefly, the jury asked whether it could consider what amounted to a blending of the two theories presented with respect to the highest and best use of the

---

[1] In his closing argument to the jury, counsel for the plaintiff purported to read directly from the Federal Regulation a portion of the regulation that he claimed applied to the plaintiff's site. Under the Nationwide Permits sections of 33 CFR 330.6(B)(3) counsel claimed that the regulation stated that
    3.   Maintenance. Activities related to:
    (i)   The repair, rehabilitation, or replacement of any previously authorized, currently serviceable structure or fill authorized by 33 CFR 330.3, provided that the structure, or fill, is not to be put to uses differing from those uses specified or contemplated for it in the original [USE].

Thus allowing him to argue that any <u>unpermitted parking lot</u> was grandfathered.

 The actual quote from the Regulation is
    3.   Maintenance. Activities related to:
    The repair, rehabilitation, or replacement of any previously authorized, currently serviceable structure or fill authorized by 33 CFR 330.3, provided that the structure, or fill, is not to be put to uses differing from those uses specified or contemplated for it in <u>the original permit or the most recently authorized modification.</u>

Thus under the regulation, the so-called grandfathering is only for uses that were subject to an original permit or the most recently authorized modification. Since it was uncontested that the use of the subject property was not pursuant to a permit, plaintiff's counsel's reliance on the Regulation and his misquoting of the Regulation was inappropriate, misleading and should have been corrected.

property. The residential lot and parking for a beach club. Therefore, the jury was under the mistaken impression that parking would be allowed on certain portions of the property. Presumable part of their confusion was because they were mistakenly informed by plaintiff's counsel that the use of the site as a parking lot was grandfathered under the Federal Regulations. Obviously, the verdict represents damages above that which any expert testified to with respect to the residential lot. Therefore, the jury clearly considered that the property could be used for some additional parking which would account for the additional value.

## CONCLUSION

For the reasons stated above, it is clear that the jury's verdict is unsupported by any evidence presented at trial and is most likely due to the jury's reliance on plaintiff's misrepresentation of the law. Accordingly, the defendants respectfully request that this Honorable Court amend the judgment to conform to the evidence presented at trial or alternatively grant a new trial on the matter.

DEFENDANTS,

By their attorneys,

/s/ Jeffrey T. Blake
Richard Bowen (BBO# 552814)
Jeffrey T. Blake (BBO# 655773)
Kopelman and Paige, P.C.
 Town Counsel
101 Arch Street
12th Floor
Boston, MA 02110-1109
(617) 556-0007

313006/WARH/0224