# PHILLIPS & ANGLEY
ATTORNEYS AND COUNSELLORS AT LAW
AN ASSOCIATION OF PROFESSIONAL CORPORATIONS
ONE BOWDOIN SQUARE
BOSTON, MASSACHUSETTS 02114
(617) 367-8787

JEFFREY J. PHILLIPS, P.C.
JEFFREY T. ANGLEY, P.C.
JONATHAN M. FEIGENBAUM*
CHRISTOPHER S. TOLLEY
DANIEL TREGER
STEPHANIE M. SWINFORD
KRISTEN M. PLOETZ

*ALSO ADMITTED IN DC AND CA

TELECOPIER (617) 227-8992

May 3, 2007
**BY ECF FILING AND
COURTESY COPY BY REGULAR
MAIL**

Ms. Lisa Urso
Courtroom Clerk
United States District Court
  for the District of Massachusetts
Joseph Moakley Courthouse
One Courthouse Way
Boston, MA 02210

RE:  Barbara Deighton Haupt, Trustee, BD Realty Trust v. Town of Wareham et al.
     U.S. District Court for the District of Massachusetts, Civil Action No.: 05-11745RWZ

Dear Ms. Urso:

I am writing with respect to the pre- and post-judgment interest that should be added to the $1,550,000.00 verdict awarded by the jury on April 18, 2007, in the above-referenced matter. As you know, the Plaintiff's claim was brought under Massachusetts General Laws Chapter 79, § 14. As a result, the pre- and post-judgment interest should be calculated according to M.G.L. c. 79, § 37 ("Interest on award of damages"), rather than the standard rates typically applied by the District Court. I have enclosed a copy of the statute for your convenience.

According to the statute, the interest to be added to the award of damages is to be calculated at an annual rate equal to the weekly average one-year constant maturity treasury yield, as published by the Board of Governors of the Federal Reserve System. See M.G.L. c. 79, § 37. The Massachusetts Secretary of Administration and Finance maintains a schedule of these rates which are available at the request of all clerks of courts (617-727-2040).

Ms. Lisa Urso
May 3, 2007
Page 2

We were also able to find these rates online in order to prepare a preliminary estimate of the pre-judgment interest owed to Plaintiff. According to our analysis of the statute and the treasury rates available on the Federal Reserve's website (www.federalreserve.gov), it appears that pre-judgment interest should be calculated as follows, assuming a principal amount of $1,100,000.00[1]:

| Rate[2] | Year | Amount of Interest |
|---|---|---|
| 1.28% (as of 12/26/2003) | 12/31/2003-12/30/2004 | $14,080 |
| 2.71% (as of 12/24/2004) | 12/31/2004-12/30/2005 | $29,810 |
| 4.37% (as of 12/23/2005) | 12/31/2005-12/30/2006 | $48,070 |
| 4.99% (as of 12/29/2006) | 12/31/2006-4/19/2007 | $16,542.19[3] |
| | | **$108,502.19** |

Based on our calculation, the Plaintiff is entitled to a total of $108,502.19 in pre-judgment interest for the period beginning December 31, 2003 through the entry of judgment on April 19, 2007.

Furthermore, post-judgment interest is also to be calculated based on the provisions set forth in M.G.L. c. 79, § 37. Thus, the rate of post-judgment interest for the first year following judgment will be 4.97%, which is based on the rate stated for the week ending April 13, 2007 (the calendar week preceding the date on which judgment entered).

Once the Court has ruled on Defendant's Motion for a New Trial/Remittitur and/or Motion to Amend Judgment, Plaintiff intends to file its Demand for Judgment with the Court forthwith. In the meantime, we wanted to provide the Court with the appropriate information regarding interest rates to be applied to the award of damages.

---

[1] Although the jury awarded the Plaintiff $1,550,000.00 for the fair market value of the highest and best use of the Premises, because the Plaintiff had already received $450,000.00 from the Town of Wareham, this amount must be deducted from the jury's award to arrive at the principal amount ($1,100,000.00) used to calculate interest.
[2] For the first year of interest, this rate is derived from the rate published for the Friday for the calendar week preceding the date on which the right to damages vests under M.G.L. c.79. The date on which the right to damages vest is December 31, 2003. For subsequent years, the rate is based on the yield published for the calendar week preceding the beginning of each additional year.
[3] Interest calculated for this last year on a per diem basis through date of judgment only.

Ms. Lisa Urso
May 3, 2007
Page 3

If you have any questions, please do not hesitate to contact the undersigned.

Sincerely,

Kristen M. Ploetz, Esq.

KMP/kmp
Encl.
cc:    Jeffrey T. Blake, Esq.
       Jeffrey T. Angley, Esq.
       Client
L:\Ditn002\Clerk.L.05.03.07.doc

The General Laws of Massachusetts

Search the Laws

Go To:
Next Section
Previous Section
Chapter Table of Contents
MGL Search Page
General Court Home
Mass.gov

PART I. ADMINISTRATION OF THE GOVERNMENT

TITLE XIII. EMINENT DOMAIN AND BETTERMENTS

**CHAPTER 79. EMINENT DOMAIN**

Chapter 79: Section 37. Interest on award of damages

Section 37. Damages under this chapter shall bear interest at the rate calculated pursuant to the provisions of this section from the date on which the right to damages under this chapter vested until paid, except that an award shall not bear interest after it is payable unless the body politic or corporate liable therefor fails upon demand to pay the same to the person entitled thereto. Interest shall be added by the clerk of the court to the damages expressed in a verdict, finding, or order for judgment. A judgment, whether against the commonwealth or any other body politic or corporate, shall bear interest at the rate calculated pursuant to the provisions of this section from the date of the entry of such judgment to and including the last day of the month prior to the month in which such judgment is satisfied, except that a judgment against the commonwealth shall not bear interest if it is satisfied within thirty days of such entry.

Where the period for which prejudgment interest is owed is not more than one year, such interest shall be calculated at an annual rate equal to the weekly average one-year constant maturity treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date on which the right to damages under this chapter vested. Where the period for which prejudgment interest is owed is more than one year, such interest for the first year shall be calculated in accordance with the preceding sentence, and such interest for each additional year shall be calculated on the principal amount due at an annual rate equal to the weekly average one-year constant maturity treasury yield, as published by the board of governors of the Federal Reserve System, for the calendar week preceding the beginning of each additional year. Post–judgment interest shall be calculated in the same manner as pre-judgment interest, but using, in the first year after judgment, the rate for the calendar week preceding the date on which judgment entered, and in any additional year, the rate for the calendar week preceding the beginning of such additional year.

The secretary of administration and finance shall maintain a schedule of the rates described herein for distribution, upon request, to all clerks of courts and all board of officers upon whom authority to take real estate by eminent domain under this chapter on behalf of any body politic or corporate that has been conferred by law.