UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11745RWZ

BARBARA DEIGHTON HAUPT, Trustee of
BD REALTY TRUST,

    Plaintiff

v.

TOWN OF WAREHAM acting by and
through the BOARD OF SELECTMEN OF
THE TOWN OF WAREHAM, and the
BOARD OF SELECTMEN OF THE TOWN
OF WAREHAM,

    Defendants

DEFENDANTS' MOTION IN
OPPOSITION TO PLAINTIFF'S BILL
OF COSTS

Now come the defendants in the above-captioned action, and hereby move this Honorable Court to deny plaintiff's request for Bill of Costs. For reasons therefor, the defendants state that plaintiff did not prevail in their case-in-chief and since she has failed to cited any authority for the proposition that a non-prevailing party is entitled to costs in an action before this Court, plaintiff's request should be denied. For further reasons therefor, the defendants rely upon the within Memorandum of Reasons.

MEMORANDUM OF REASONS

RELEVANT FACTS

1.    This is an eminent domain case arising out of the defendants taking of plaintiff's beach front property in the Town of Wareham. Plaintiff brought this action pursuant to M.G.L. c. 79, claiming that the pro tanto awarded by the Town did not justly compensate her for the value of the taken property.

2.      Plaintiff engaged Steven Elliot as an appraiser who opined that the highest and best use of the property would have been as a 250 membership non-profit beach club with an estimated value of $3,125,000.

3.      Defendants retained the services of Richard Dennis as an appraiser who opined that the highest and best use of the property was a residential lot and valued the property at $730,500.

4.      Plaintiff's expert, in rebuttal, also opined that if the highest and best use of the property was as a residential lot, the value of the property was $1,200,000.

5.      The jury was charged and a special jury verdict form was submitted.

6.      The special jury verdict form asked the following two questions.

> a.    On December 31, 2003, what was the highest and best use of the plaintiff's property at 200 Swift's Beach Road in Wareham, Massachusetts?
> b.    On December 31, 2003, what was the Fair Market Value of plaintiff's property in light of your answer to Question 1?

7.      After approximately two hours of deliberation, the jury found that the highest and best use of the property was a "residential duplex with beach front" with a value of $1,550,000.

ARGUMENT

The authority for awarding costs in this Court is Fed.R.Civ.P 54(d) which states in relevant part:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorney's fees shall be allowed as of course to <u>the prevailing party</u> unless the court otherwise directs . . . . (emphasis supplied).

Prevailing party for the purposes of an eminent domain proceeding in the Federal Courts is defined in 28 U.S.C.A. §2412(2)(H) as follows:

> **(H)** "prevailing party", in the case of eminent domain proceedings, means a party who obtains a final judgment (other than by settlement), exclusive of interest, the amount of which is at least as close to the highest valuation of the property involved that is attested to at trial on behalf of the property owner as it is to the highest valuation of the property involved that is attested to at trial on behalf of the Government . . . .

Here, plaintiff was not the prevailing party. In plaintiff's case-in-chief she requested that the jury find that the highest and best use of the subject property was for a non-profit beach club with a value of $3,125,000.00. The defendants requested that the jury find that the highest and best use of the subject property was a residential lot with a value of $730,500. The jury returned a verdict for the defendants on the issue of the highest and best use of the property, finding that the only use of the property was for a residential lot and awarded $1,550,000. The jury's verdict was $819,500 more than the defendants requested but $1,575,000 less than the plaintiff's opinion of the highest value of the property. Accordingly, pursuant to the above referenced definition, plaintiff is not the prevailing party for purposes of assessing costs.

Moreover, any award of costs is premature since the defendants have filed a Motion for Remittitur/New Trial and Motion to Amend the Judgment. Accordingly, no final judgment has entered in this matter. Therefore, the determination as to the prevailing party, if any, is premature.

DEFENDANTS,

By their attorneys,

/s/ Jeffrey T. Blake
Richard Bowen (BBO# 552814)
Jeffrey T. Blake (BBO# 655773)
Kopelman and Paige, P.C.
 Town Counsel
101 Arch Street
Boston, MA 02110-1109
(617) 556-0007

314329/WARH/0224