UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05-11745RWZ

| | |
|---|---|
| BARBARA DEIGHTON HAUPT, Trustee<br>of BD REALTY TRUST,<br>　　　　　Plaintiff<br><br>v.<br><br>THE TOWN OF WAREHAM acting by<br>and through the BOARD OF<br>SELECTMEN OF THE TOWN OF<br>WAREHAM, and the BOARD OF<br>SELECTMEN OF THE TOWN OF<br>WAREHAM,<br>　　　　　Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN OPPOSITION TO PLAINTIFF'S BILL OF COSTS

Now comes the Plaintiff, Barbara Deighton Haupt, Trustee of BD Realty Trust ("the Trust"), and opposes Defendants' Motion in Opposition to Plaintiff's Bill of Costs. For reasons, the Trust states as follows.

## RELEVANT PROCEDURAL BACKGROUND

The Trust filed the instant action in federal court under diversity jurisdiction. The underlying state claim that was litigated was an assessment of damages claim brought under M.G.L. c. 79, § 14, arising from the Defendant, Town of Wareham's taking of the Trust's real property by eminent domain. After a jury verdict was rendered in favor of the Trust in the amount of $1,550,000, this Court entered Judgment for the Trust on April 19, 2007. Pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920, a prevailing party may request the Courtroom Deputy Clerk to tax allowable costs in a civil action as part of a judgment. To that end, on May 3, 2007, the Trust filed its Bill of Costs (AO Form 133) and supporting documentation with this

Court (Document # 70).  On May 4, 2007, Defendants filed a motion entitled "Motion in

Opposition to Plaintiff's Bill of Costs".  The Defendants' motion did not dispute any of the line

items claimed in the Trust's Bill of Costs, and solely disputed the merits of the Trust's ability to

be awarded such costs by the Court.

**ARGUMENT**

I.    The Trust Was the Prevailing Party at Trial and Therefore Is Entitled To Costs.

Federal Rules of Civil Procedure 54(d)(1) provides as follows:

> Except when express provision therefore is made either in a statute of the United States
> or in these rules, costs other than attorneys' fees shall be allowed as of course to the
> prevailing party unless the court otherwise directs;

(emphasis added).  As stated in the "Taxation of Costs" guide available on the District Court's

website (http://www.mad.uscourts.gov/LocPubs/taxation.pdf), a "prevailing party" is "[a] party

in whose favor a judgment is entered . . . regardless of whether that party sustains the entire

complaint or only a portion thereof."  See "Taxation of Costs" at p. 1 (citing to Roberts v.

Madigan, 921 F.2d 1047, 1058 (10th Cir. 1990)).

Judgment was entered in favor of the Trust.  As discussed *infra* in Section II, there is no

other definition of "prevailing party" that applies in this case.  Thus, because the Trust was the

prevailing party in this matter, it was authorized to file its Bill of Costs with this Court in

compliance with Fed. R. Civ. P. 54(d)(1) and in accordance with the procedures set forth by

Form AO 133 and the accompanying guide entitled "Taxation of Costs", and is entitled to

recover all costs as provided by 28 U.S.C. § 1920.

Furthermore, M.G.L. c. 79, § 38, allows costs to the prevailing party in an eminent

domain proceeding:

> In all proceedings brought under [M.G.L. c. 79, § 14], <u>if a petition is filed after an award of damages has been made and the damages are increased, . . . he shall recover costs,</u> which shall be taxed as in actions at law . . . .

(emphasis added).  Thus, notwithstanding the availability of costs under the Federal Rules of Civil Procedures, the Trust is also entitled to recover costs as a matter of state law.

Based on the foregoing, the Trust's Bill of Costs was properly filed and therefore should be considered and reviewed by the Courtroom Deputy Clerk forthwith, both as a matter of state law and federal civil procedure.

II.    <u>28 U.S.C. § 2412(d)(2)(H) Does Not Apply In This Proceeding Because the United States Is Not A Party To the Litigation</u>.

In their present motion, Defendants erroneously argue that the Trust is not the "prevailing party" and therefore not entitled to recover costs in this action.[1]  To make this preposterous argument, the Defendants rely on an exception found within a federal statute that has absolutely no applicability to the instant action or parties.  Specifically, the Defendants argue that there is an exception to the ability to claim costs (as authorized by 28 U.S.C. § 2412(a)(1)) that bars the Trust from obtaining costs in this action. That is, the Defendants rely on the definition of "prevailing party" set forth in another subsection of the statute, 28 U.S.C. § 2412(d)(2)(H), to suggest that the Trust is not the prevailing party in this matter and therefore not entitled to costs.

Despite Defendants' efforts to confuse this Court, the simple fact of the matter is that the whole of 28 U.S.C. § 2412 ("Costs and Fees"), including Defendants' references to prevailing

---

[1] The Defendants also argue that Plaintiff's Bill of Costs was prematurely filed.  Judgment was entered on April 19, 2007, and the Bill of Costs was filed on May 3, 2007.  The expiration date for an appeal would be May 19, 2007 (although the Trust is aware that the time for appeal has been stayed due to Defendants' Motion for New Trial/Remittitur).  The "Taxation of Costs" guide provides that the Bill of Costs must be filed within fifteen (15) days of the expiration of the time allowed for appeal of the final judgment.  The Trust interpreted this language to mean that the Bill of Costs may be filed anytime *before* the last fifteen days for filing an appeal expire.  In any event, a footnote cited within "Taxation of Costs" indicates that, in lieu of a formalized local rule on this issue, this Court generally follows the practice that a bill of costs must be filed within a reasonable time after the conclusion of litigation.  <u>See</u> Taxation of Costs at n.6.  Thus, it does not appear that the Bill of Costs was prematurely filed, and, in any event, the filing does not prejudice the Defendant in any way.

3

party in 28 U.S.C. § 2412(d)(2)(H), is inapplicable to this proceeding because the cited statute

only applies when the United States was not a named party in this case.  As a matter of framing

the statutory context of the Defendants' argument—which Defendants failed do in their

motion—the Trust first provides the language of the relevant portion of the statute which

mandates when litigation costs may be recovered (again, as set forth in the express language of

the statute, this statute applies only in those cases where the United States was a party in the

case):

> Except as otherwise specifically provided by statute, <u>a judgment for costs, as enumerated in [28 U.S.C. 1920], but not including the fees and expenses of attorneys, may be awarded to the **prevailing party** in any civil action brought by or against the United States</u> or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. . . .

28 U.S.C. § 2412(a)(1) (emphasis added).  Defendants conveniently ignore the inapplicability of

this statute to this case and go on to argue that the Trust should not be entitled to costs under the

foregoing subsection because, in the case of eminent domain proceedings, the definition of

"prevailing party" found at 28 U.S.C. § 2412(d)(2)(H) would exclude the Trust because final

judgment was not in an amount that was at least as close to the "property owner's" highest

valuation of the property as it is to the "Government's highest valuation of the property.  <u>See</u> 28

U.S.C. § 2412(d)(2)(H)).

The Defendants' convoluted argument fails as a matter of law because Section 2412 of

Title 28 falls under Chapter 161.  Even a cursory review of the title of Chapter 161 clearly shows

that all sections thereunder (28 U.S.C. § 2401 et seq.) apply <u>only</u> when the <u>United States</u> is a

party in a case.  Indeed, Chapter 161 is entitled "United States as Party Generally".  Moreover,

the very subsection upon which Defendants rely, 28 U.S.C. § 2412(d)(2), clearly limits the

definition of "United States"—as defined for purposes of § 2412 only—"to include[] any agency

and any official of the United States acting in his or her official capacity."  28 U.S.C. § 2412(d)(2)(C).  This definition obviously does not include the Town of Wareham, and the Town does not cite <u>any</u> authority to suggest that the "United States" has been interpreted otherwise to include local municipalities or their boards.

Because Section 2412 only applies when the United States is a party, we never reach the issue of whether the Trust was a "prevailing party" as that term is defined by Section 2412 because it is simply inapplicable to the case, nor do we reach the merits of Defendants' interpretation of whether or not the Trust was a "prevailing party" entitled to costs.

Based on the foregoing, the Court should disregard the Defendants' argument that 28 U.S.C. § 2412 bars the Trust from recovering costs in this action because it is utterly misguided and inapplicable and fails as a matter of law.

III.    <u>The Defendants Have Failed to Properly Object to the Itemized Costs Contained Within the Bill of Costs and Therefore Have Waived Their Rights To Object to Any Costs Awarded By the Clerk</u>.

The Court's online guide entitled "Taxation of Costs" requires that if any "adverse party objects to the Bill of Costs or any item claimed by a prevailing party, that party must state their objection(s) in a Motion for Disallowance with supporting documents."  Such a motion must be filed within ten (10) days after the filing of the Bill of Costs.

Notwithstanding that the Defendants failed to file the properly captioned motion, the Defendants failed to object to <u>any</u> of the costs itemized by the Trust in its Bill of Costs.  As a result, they have waived any objection to the specific costs listed in the Bill of Costs, and therefore should be barred, with prejudice, from objecting to any costs allowed by the Court.  Alternatively, in the event that this Court will allow the Defendants an opportunity to file a Motion for Disallowance as to any line items to which they object, the Trust requests that the

Motion be limited to objecting only to any itemized costs <u>and</u> that such motion be filed no later than the ten (10) day deadline which expires on Monday, May 14, 2007.

<u>CONCLUSION</u>

For the foregoing reasons, this Court should <u>deny</u> Defendants' Motion in Opposition to Plaintiff's  Bill of Costs, and allow the Clerk to review and approve the Bill of Costs forthwith.

|  |  |
|---|---|
|  | Plaintiff,<br>BARBARA DEIGHTON HAUPT, Trustee<br>of BD REALTY TRUST, |
| Date:   May 9, 2007 | By her attorneys, |
|  | __/s/ Kristen M. Ploetz_____<br>Jeffrey T. Angley, Esq.<br>B.B.O. #543958<br>Kristen M. Ploetz, Esq.<br>B.B.O. #654549<br>Phillips & Angley<br>One Bowdoin Square<br>Boston, MA 02114<br>(617) 367-8787 |

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 9th day of May, 2007.

_____/S/ Kristen M. Ploetz_____<br>Kristen M. Ploetz, Esq.