UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11745RWZ

BARBARA DEIGHTON HAUPT, Trustee of
BD REALTY TRUST,

     Plaintiff

v.

TOWN OF WAREHAM acting by and
through the BOARD OF SELECTMEN OF
THE TOWN OF WAREHAM, and the
BOARD OF SELECTMEN OF THE TOWN
OF WAREHAM,

     Defendants

MOTION TO STAY EXECUTION OF
PLAINTIFF'S FIRST WRIT OF
EXECUTION PENDING APPEAL AND
WAIVE SUPERSEDEAS BOND
REQUIREMENT

Now come the defendants, Town of Wareham acting by and through the Board of

Selectmen of the Town of Wareham, and the Board of Selectmen of the Town of

Wareham (collectively "the Town") in the above captioned matter and hereby request

that this Honorable Court stay execution of plaintiff's first writ of execution pending

appeal and waive the supersedeas bond requirement.

For reasons therefore, the Town states as follows.

Fed.R.Civ.P. 62(d) allows an appellant to obtain a stay of a monetary judgment against it

by posting a supersedeas bond. Under Local Rule 62.2, a supersedeas bond staying

execution of a money judgment shall be in the amount of the judgment plus ten (10%)

percent of the amount to cover interest and any award of damages for delay plus Five

Hundred and no/100 ($500.00) Dollars to cover costs, unless the court directs otherwise.

As suggested by the language of Local Rule 62.2, this Court has discretion to alter the

supersedeas bond requirement.  See e.g., <u>Bowers</u> v. <u>Baystate Technologies, Inc.</u>, No. Civ.

A. 91-40079, 2001 WL 640876 (D.Mass. June 5, 2001).

     While the First Circuit Court of Appeals has not directly addressed the question of

when a district court may allow a stay that is unsecured by a supersedeas bond, <u>see</u>

<u>Trustmark Ins. Co.</u> v. <u>Gallucci</u>, 193 F.3d 558, 559 n. 1 (1st Cir.1999), the Seventh Circuit

Court of Appeals has laid out five criteria that district courts in that circuit are to consider

in making waiver decisions:

> "(1) the complexity of the collection process; (2) the amount of
> time required to obtain a judgment after it is affirmed on appeal;
> (3) the degree of confidence that the district court has in the
> availability of funds to pay the judgment; (4) whether the
> defendant's ability to pay the judgment is so plain that the cost of a
> bond would be a waste of money; and (5) whether the defendant is
> in such a precarious financial situation that the requirement to post
> a bond would place other creditors of the defendant in an insecure
> position."

<u>Dillon</u> v. <u>City of Chicago</u>, 866 F.2d 902, 904-05 (7th Cir.1988) (citations omitted).

     That court has also indicated, and the First Circuit has cited with approval, that

the bond requirement is inappropriate in two sorts of cases : where the defendant's ability

to pay the judgment is so plain that the cost of the bond would be a waste of money; and-

-the opposite case ...--where the requirement would put the defendant's other creditors in

undue jeopardy.  <u>Olympia Equip. Leasing Co.</u> v. <u>W. Union Telegraph Co.</u>, 786 F.2d 794,

796 (7th Cir.1986); <u>see</u> <u>also</u> <u>Cipes</u> v. <u>Mikasa, Inc.</u>, 404 F.Supp.2d 367, 369 -370 (D.Mass.

2005)

     In this matter, the Court should waive the supersedeas bond requirement because

the Town's ability to pay the judgment is so plain that the cost of the bond would be a

waste of money.  If the Town is unsuccessful in its appeal of this matter, the funds to

satisfy the judgment will be immediately available without the need of a Town Meeting

vote.  See G.L. c. 44, §31.  The Town is a stable and financially sound judgment creditor,

indeed, the Town has been incorporated and functioning as a municipality for over 100

years and will continue to do so for the foreseeable future and a judgment of $1.3 million

will not bankrupt the Town.  A supersedeas bond will, however, cost the Town two

percent of the total judgment or approximately $3,000.00, monies which are better spent

on general municipal functions.

Based on the Town's financial stability and the statutory authority to pay any

judgment immediately without the need for a Town Meeting vote, there is no risk that the

Town will be unable to satisfy the judgment in the event that its appeal is unsuccessful

and requiring expenditure for said bond would be a waste of valuable municipal

resources.  Therefore, this Court should waive the supersedeas bond requirement and stay

execution of plaintiff's Writ of Execution.

DEFENDANTS,

By their attorneys,

/s/ Jeffrey T. Blake
Richard Bowen (BBO# 552814)
Jeffrey T. Blake (BBO# 655773)
Kopelman and Paige, P.C.
 Town Counsel
101 Arch Street
Boston, MA 02110-1109
(617) 556-0007

318298/WARH/0224

3