UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11745RWZ

| | |
|---|---|
| BARBARA DEIGHTON HAUPT, Trustee of BD REALTY TRUST,<br><br>    Plaintiff<br><br>v.<br><br>TOWN OF WAREHAM acting by and through the BOARD OF SELECTMEN OF THE TOWN OF WAREHAM, and the BOARD OF SELECTMEN OF THE TOWN OF WAREHAM,<br><br>    Defendants | DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO WAIVE SUPERSEDEAS BOND REQUIREMENT |

      Now come the defendants, Town of Wareham acting by and through the Board of Selectmen of the Town of Wareham, and the Board of Selectmen of the Town of Wareham (collectively "the Town") in the above captioned matter and hereby respond to Plaintiff's Opposition to Defendants' Motion to Stay Execution of Plaintiff's First Writ of Execution Pending Appeal and Waive Supersedeas Bond Requirement as follows.

      Plaintiff's contention, based on hearsay statements recorded in newspaper articles printed from the world wide web, that the Town is not financially stable and economically sound and therefore should be required to post a supersedeas bond is meritless.  As demonstrated by the Affidavit of John Foster, attached hereto as <u>Exhibit A</u>, the Town is financially able to satisfy the judgment awarded in this matter in the event that its appeal is unsuccessful by either short or long term borrowing pursuant to G.L. c. 44, §31 without resort to appropriation by Town Meeting.  Indeed, as Mr. Foster Treasurer/Collector for the Town states, the Town will be able to pay the judgment if

1

ordered to do so within 45 days. Accordingly, notwithstanding plaintiff's reliance upon hearsay information, the Town is a worthy judgment debtor and this Court should not require the Town to expend valuable municipal resources in order to secure a bond.

Additionally, as this Court found in ruling on defendants' opposition to the awarding of costs in this matter, this matter is governed by Massachusetts law. Pursuant to G.L. c. 235, §16, "[n]o execution shall issue upon a judgment until the exhaustion of all possible appellate review thereof . . . ." Therefore, under state law, which the Court has ruled governs this matter, no execution should have issued.

Based on the foregoing the defendants respectfully request that this Court stay execution of plaintiff's Writ of Execution and/or waive the Supersedeas Bond requirement.

<div style="text-align:right">

DEFENDANTS,

By their attorneys,

/s/ Jeffrey T. Blake
Richard Bowen (BBO# 552814)
Jeffrey T. Blake (BBO# 655773)
Kopelman and Paige, P.C.
 Town Counsel
101 Arch Street
Boston, MA 02110-1109
(617) 556-0007

</div>

318990/WARH/0224

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11745RWZ

---

BARBARA DEIGHTON HAUPT, Trustee of
BD REALTY TRUST,

Plaintiff

v.

TOWN OF WAREHAM acting by and
through the BOARD OF SELECTMEN OF
THE TOWN OF WAREHAM, and the
BOARD OF SELECTMEN OF THE TOWN
OF WAREHAM,

Defendants

---

AFFIDAVIT OF JOHN FOSTER

I, John Foster, under oath, do hereby depose and state based on my personal knowledge as follows:

1. I am the Acting Town Administrator for the Town of Wareham and the Treasurer/Collector for the Town of Wareham;

2. I have been the Treasurer/Collector for more than three (3) years;

3. As a result of my position as Treasurer/Collector, I have knowledge of the financial stability of the Town and the statutory mechanisms for payment of judgments rendered against the Town;

4. Based on my knowledge of the Town's finances, I state that the Town is financially stable and able to pay the judgment of approximately $1.3 million dollars in the above captioned matter;

5. The funds to pay this judgment will not have to be appropriated by Town Meeting since G.L. c. 44, §31 allows a municipality to short or long term borrow to satisfy a judgment without appropriation by Town Meeting;

6. Based on my knowledge of municipal finance and my experience as Treasurer/Collector, if the Town is unsuccessful in its appeal of this matter and the Town is ordered to pay the above referenced judgment, payment can be made within forty-five (45) days of demand.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 28th DAY OF JUNE, 2007

John Foster
Treasurer/Collector
Town of Wareham